The State ex rel. Givens v. Wabash, St. L. & P. Ry. Co.

THE STATE *ex rel.* GIVENS, *Collector, Appellant,* v.
THE WABASH, ST. LOUIS & PACIFIC
RAILWAY COMPANY.

1. **Taxation:** POWER OF COUNTY COURT TO LEVY TAX. A railroad interest fund tax cannot be levied by a county court without a compliance with section 6799 of the Revised Statutes.

2. ——— : ———. An order issued by a circuit judge in 1882, under section 6799, Revised Statutes, gave a county court no power to re-levy a railroad interest fund tax for the year 1880.

3. ———. It makes no difference, in a suit for taxes, that other tax-payers have paid the taxes in dispute.

*Appeal from Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*W. D. Hamilton* for appellant.

(1) The assessment of eight mills for railroad interest by the county court, in 1880, on all property in said county was not void, but was only illegally and erroneously levied and the court had the right to correct said levy in 1881 or any subsequent year. R. S. 1879, sec. 6879. (2) The court erred in refusing the instruction asked for by plaintiff and giving those on behalf of defendant. Under the constitution the county court had the right to levy the tax in question to pay past indebtedness and the failure to comply with section 6799, Revised Statutes, 1879, was a mere irregularity in the assessment, and if afterward corrected, as provided by law, said tax is not void. R. S. 1879, sec. 6710; *State ex rel. v. Powers,* 68 Mo. 320; *Railroad v. Co. Clerk,* 57 Mo. 223. (3) The tax in question was levied in 1880, and although irregularly assessed and levied

was paid by all other taxpayers except defendant, and when said assessment and levy were corrected in 1881, and said tax properly extended on the tax-book, it became a lien on defendant's road, and said irregularity does not affect the legality of the same. R. S. 1879, secs. 6885, 6886; *State ex rel. v. Harper*, 83 Mo. 670.

*Geo. S. Grover* for respondent.

'(1) The pretended tax levy, attempted to be made in 1880 by the county court of Daviess county, was absolutely null and void. R. S. 1879, secs. 6799, 6800, 6801, 6802, 6803; *State ex rel. v. Railroad*, 87 Mo. 236; Cooley on Tax. [1 Ed.] 567. (2) Revised Statutes, section 6879, relied upon by appellant has no application to this case, as that section of the statute relates wholly to valid levies on other property which may be subsequently extended on omitted railroad property. It cannot be relied on as a defense to such action as this, where a void levy is reëxtended, years afterward, upon one taxpayer only in a county. R. S., sec. 6879; *Abbott v. Lindenbower*, 42 Mo. 162; Cooley on Tax. [1 Ed.] 227.

BLACK, J.—The county court of Daviess county for the tax-year ending August 1, 1880, levied the usual state and county taxes upon all the taxable property of the county, and among the other taxes a tax of eight mills on the dollar for "railroad interest purposes." This tax was levied for the purpose of paying interest on certain bonds issued, it is to be inferred, in payment of railroad subscriptions. This tax was thus levied by the county court of its own motion and without having first procured an order therefor from the circuit court or the judge thereof in vacation. The taxpayers in general paid the tax, but the defendant, which is the lessee of the St. Louis, Council Bluffs and Omaha Railroad

Company, declined to pay this tax levied upon the property of the last-named company. Thereafter, the prosecuting attorney of that county, at the request of the county court, presented to the judge of the circuit court a petition stating, among other things, that the error in the levy of this eight-mill tax for 1880 consisted in a failure to comply with section 6799 of the statutes ; and on that petition the circuit judge made an order, dated July 8, 1882, directing the county court to levy a tax of eight mills on the dollar on the property of the last-named corporation for the year 1880. The county court then made the levy, taking the assessment of 1880 therefor ; and the tax thus levied amounts to the sum of $507.20. To recover this tax, the collector prosecutes this suit in the name of the state, and the action is resisted on the ground that the tax is illegal and void.

1. Under the provisions of the act of 1879, now sections 6798 to 6801, Revised Statutes, 1879, the county court may levy the state tax, and tax necessary to pay the funded or bonded debt of the state, the tax for current county expenses and for schools, without an order from the circuit court. But it provides in express terms that no other tax for any purpose shall be levied or collected, except by first procuring an order therefor from the circuit court or the judge thereof in vacation. The order when made is continuing and authorizes the annual levy and collection of the tax for the purpose in the order specified. It is made a misdemeanor for any county judge, or other county officer, to assess, levy or collect such tax "without being first ordered so to do by the circuit court of the county or the judge thereof." It may be that this law is a piece of useless machinery, but with that question we are not concerned. It applies beyond all doubt to the tax in question. The power of the county court to levy the tax is made dependent upon the order of the circuit court, and without such order,

the tax has no sanction or authority to support it, and is therefore void. *State ex rel. v. Railroad*, 87 Mo 236 ; *State ex rel. v. Railroad*, 92 Mo. 137.

2. But it is next insisted that this order of the circuit judge, made in 1882, gave the county court power to go back and re-levy the tax for 1880 ; and the order seems to have been framed with that purpose in mind. For authority to re-levy the tax, plaintiff relies upon section 6879, which has relation to the levy and collection of taxes upon railroad property. It enacts that in case the county court has failed or omitted, for any cause, to levy the taxes, or any portion thereof, for any year or years ; or in case the taxes, or any portion thereof, for any year or years, shall have been illegally or erroneously levied, then the court, at the time of making the regular levy upon railroad property, shall, in addition thereto, levy the tax which may have been omitted, or illegally or erroneously levied, the levy to be made upon the assessment returned for the year or years in which the tax was omitted or illegally levied. This section is based upon the theory, and it presupposes, that the county court had the power, and might, in some past year or years, have levied the tax, but omitted to make the levy, or made it in an illegal manner. It is not to be assumed that the legislature intended to say that the county court could go back and levy a tax for some past year, when the court was then without power to levy the tax. It is a general rule that curative laws may heal irregularities in actions, but they cannot cure a want of authority to act at all. Cooley on Tax. [2 Ed.] 302. There is nothing in this section which professes to give the county court the power to go back and levy or re-levy a tax which it then had no power to levy. Nor does the order of the circuit judge help the matter. The statute giving him the power, on the petition of the prosecuting attorney, to direct and order the county court to levy the specified tax is prospective only. It

The St. Louis & S. F. Ry. Co. v. Apperson.

furnishes him no power to direct the county court to make levies for bygone years.

Plaintiff lays some stress upon the fact that other taxpayers paid this tax, and that defendant alone refused to pay it; but we do not see how that fact can aid the plaintiff in this suit. It is foreign to the question of power.

Affirmed. BARCLAY, J., not sitting; the other judges concur.