STATE *ex rel.* TRAMMEL, *Collector*, v. THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Railroad**: DELINQUENT TAXES: PETITION. A petition in an action against a railroad for delinquent taxes, under Revised Statutes, 1879, section 6889, *et seq.*, need not describe the property otherwise than as so many miles of a given value, with a proper proportion of the value of the rolling stock added.

2. ———: ———: ———: TOWNSHIP AID ACT. Nor is it necessary, when suing for railroad taxes, levied under the township railroad aid act of March 23, 1868 (Acts, p. 92), to state the number of miles of road in the township, the petition stating the amount of railroad tax levied in the township on defendant's property.

3. ———: ———: ———: ———. It is immaterial as to the validity of the tax, levied under said act of 1868, whether the county in which the levy was made had or had not a township organization.

4. **Hannibal and St. Joseph Railroad Company**: EXEMPTION FROM TAXES : RAILROAD TAX. A provision of the law incorporating the Hannibal and St. Joseph Railroad Company exempted the stock of said company "from state and county taxes;" *held* that the exemption included a tax levied to pay bonds given by it for stock in a railroad company, and this, although the bonds can only be paid out of the tax levied for the special purpose.

5. ———: ———: ———. Neither the general assembly nor a constitutional convention could repeal said exemption without the consent of the railroad.

The State ex rel. Trammel v. The Hannibal & St. J. Ry. Co.

6. **Township Aid Act of 1868:** COMPROMISE BONDS. Compromise or funding bonds issued under Revised Statutes, 1879, page 849, for bonds originally issued under the township aid act of March 23, 1868, are valid.

7. —— : —— : COUNTY TAXES. Taxes levied to pay said township funding bonds are not county taxes within the meaning of the charter provisions exempting the Hannibal and St. Joseph railroad from the payment of county taxes.

8. **Railroad:** ACTION FOR BACK TAXES: PRIMA FACIE CASE. The order of the county court, levying railroad taxes for omitted years, under Revised Statutes, 1879, section 6879, and which recites that the years were omitted, is *prima facie* evidence of such omission, and, in an action for said taxes, it is not necessary for the plaintiff, in order to make out a *prima facie* case, to introduce the levy of those years made upon property other than railroad property.

9. **Railroad Taxation:** LEVY. The order of the county court which directs the clerk to extend the specified tax at a specified rate upon the tax books for the omitted years is a sufficient levy.

10. **Railroad Tax, Levy of:** REGULAR TERM OF COUNTY COURT. Where the county court opens a regular term, and adjourns from day to day for a number of days, the adjournments are a part of the regular term, within the meaning of Revised Statutes, 1879, section 6879, providing that taxes against railroad property are to be levied "at a regular term of said court if in session at the time."

11. —— : —— : PRESUMPTION. A levy by the county court to pay a railroad township tax gives rise to the presumption, in the absence of evidence to the contrary, that the preliminary order required to be made by the circuit court, under the act of March 8, 1879 (R. S. 1879, sec. 6799), has been complied with.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*Strong & Mosman* for appellant.

(1) A tax is not a debt. It operates *in invitum.* Its validity depends upon the fact that the officers have complied with the statute in every respect. The

power of taxation can only arise on the performance of certain acts, specifically pointed out by the law. No presumption can be indulged in favor of the regularity of the procedure of the officers. This power can only be exercised when conferred, and then only in accordance with the limitations and restrictions placed upon its exercise. *Yankee v. Thompson*, 51 Mo. 238–9 ; *State v. Railroad*, 87 Mo. 238–9 ; *State v. Cook*, 82 Mo. 186 ; *City of Kansas v. Railroad*, 81 Mo. 296 ; *Warrensburg v. Miller*, 77 Mo. 56 ; *Henry v. Bell*, 75 Mo. 198 ; *Spurlock v. Daugherty*, 81 Mo. 171 ; *Howard v. Heck*, 88 Mo. 456 ; *Stiener v. Franklin County*, 48 Mo. 177 ; *Mason v. Crowder*, 85 Mo. 536 ; *Lagroue v. Rains*, 48 Mo. 538 ; *State v. Railroad*, 75 Mo. 526 ; *Hopkins v. Scott*, 86 Mo. 140 ; *State v. Van Avery*, 75 Mo. 537 ; *State ex rel. v. Mantz*, 62 Mo. 260. (2) The defendant's objection to the admission of any evidence under the petition should have been sustained. There was no description of the property of the defendant that would sustain a recovery. R. S., sec. 6889 ; *City v. Whipple*, 71 Mo. 519 ; *Lowe v. Ekey*, 82 Mo. 290 ; *Alexander v. Hickok*, 34 Mo. 500–1 ; *Wright v. Beardsley*, 69 Mo. 548. (3) *First.* Defendant's objection to the introduction of any evidence as to the Omaha taxes levied in Hudson township on the ground that the petition did not state facts sufficient to constitute a cause of action, in respect to these taxes, should have been sustained. The petition does not aver the corporate existence of any such township, nor does it state that the defendant has any property therein. *Robinson v. Jones*, 71 Mo. 584. *Second.* The act of March 23, 1868, authorizing the subscription to the capital stock of railway companies, by a municipal township, is unconstitutional, and taxes levied to pay the indebtedness created by such subscription cannot be collected. *State ex rel. v. Walker*, 85 Mo. 44 ; *Hayes v. Dowis*, 75 Mo. 250 ; *Weightman v. Clark*, 103 U. S. 256 ; *Webb v. LaFayette County*, 67 Mo. 367. *Third.* The order levying the Omaha railroad taxes for the

years 1882 and 1883 is a nullity. There was no proof that the court had failed or omitted to levy those taxes in those years. *Carney v. Carney*, 95 Mo. 359. There was no proof that the rate mentioned in said order was the same as that paid by other property-owners during those years on account of that tax. Said order was not a compliance with section 6879, Revised Statutes. The court did not ascertain, or by said order levy, any tax. *City of Kansas v. Railroad*, 81 Mo. 296–7; *State v. Railroad*, 82 Mo. 684. (4) The order of the county court, in respect to the Missouri and Mississippi railroad taxes was utterly insufficient to authorize a recovery for the taxes extended in pursuance of its directions. *State ex rel. v. Railroad*, 10 S. W. Rep. 434. (5) There was no sufficient proof of the identity of the alleged certificate of Daniel M. Draper, and the same was improperly admitted in evidence. It is elementary law that if there is no evidence of the execution of a paper, it is error to permit it to be given in evidence. (6) There was no certificate or other evidence of any character tending to show an assessment of the defendant's property in 1887. *State v. Trust Co.*, 68 Mo. 466; *State v. Railroad*, 77 Mo. 88; *State v. Railroad*, 97 Mo. 137. (7) The defendant's objection to the certificates, purporting to have been signed by Thomas Holliday, state auditor, should have been sustained. There was no proof to identify said certificates, or of their execution. (8) The defendant is not liable for the Missouri and Mississippi railroad taxes. By its charter it was exempt from all county taxes. *Railroad v. Shacklett*, 30 Mo. 550; *State v. Railroad*, 37 Mo. 265; *Ridings v. Hall*, 48 Mo. 104. (9) The order of the county court in respect to the taxes for the year 1884 shows that the court did not, in compliance with section 6879, ascertain and levy the taxes on railroad property. It is merely a direction to the clerk to extend them. *Spurlock v. Daugherty*, 81 Mo. 180; *Santa Clare v. Railroad*, 13 Am. & Eng. Cases, 207-8. (10) It was error in the court to

overrule the motion in arrest. On the face of the record the judgment is erroneous. Where money is brought into court it is considered as stricken out of the declaration, and the action proceeds "as if it had originally been commenced for that sum only." 3 Durnf. & East. 6, 7; *Bank v. Southerland*, 3 Cow. 336; *Spaulding v. Vandercook*, 2 Wend. 431.

*B. R. Dysart*, *John F. Mitchell* and *Sears & Guthrie* for respondent.

(1) The tender by the defendant of a portion of the taxes sued for, and the acceptance by the plaintiff, eliminates from the case all questions except the propriety of the court's rulings upon the Omaha railroad taxes, and the Missouri and Mississippi railroad taxes, as claimed in the petition. The tender and payment into court was an acknowledgment that so much was due the plaintiff. (2) *First*. The Omaha railroad tax levied in Hudson township is a legitimate tax which the defendant is liable to pay, the same as individuals owning property in said township. *Second*. Conceding that the act of March 23, 1868, was unconstitutional and void, as held by this court, still the bonds issued thereunder are held to be valid by the federal courts, and were not of that worthless character as to preclude a valid compromise for their payment. *State ex rel. v. Holladay*, 72 Mo. 499; *Cass County v. Johnston*, 95 U. S. 365; *Dallas County v. Merrill*, 77 Mo. 573; R. S. 1879, art. 1, chap. 83. (3) The original bonds issued by the county for said Hudson township were compromised and funded under and pursuant to the last recited act, article 1, chapter 83. And the tax sued for was for the payment of said renewal bonds and interest, as provided in said act. (4) It is evident that the township funding act was passed to meet this identical class of bonds, issued under the act of March 23, 1868. No

other act existed to authorize the issue of township bonds, and all township bonds in existence in the state at the time the township funding act was passed issued under said act of 1868. The state and federal courts taking a different view as to their validity, the township funding act was passed as a convenient mode of settling all such outstanding bonds. ( 5 ) The Missouri and Mississippi railroad taxes, sued for by the plaintiff, are legitimate claims and demands against the defendant. ( 6 ) The Missouri and Mississippi railroad tax is not a county tax in the sense as used in the exemption clause of the defendant's original charter. The language of the charter is, " and the stock of said company shall be exempt from all state and county taxes." The " county taxes " intended by the legislature were the taxes levied for the ordinary expenses of the county. A railroad tax is not a county tax. A county tax is defined to be a tax " to defray the expenses of the county, which we understand to mean the ordinary, current expenses incurred in conducting the county government, such as the payment of grand and petit jurors, witnesses summoned before the grand jury, costs of criminal prosecutions, expenses in supporting the poor and insane of the county, salaries of officers, assessing and collecting the revenue," etc. *State ex rel. v. Court*, 68 Mo. 29–42. Besides, this Missouri and Mississippi tax had no existence until 1865, and could not have been in contemplation at the adoption of defendant's charter in 1847. This fact would bring the liability for the Missouri and Mississippi taxes within the rule of liability for school taxes. *City of St. Joseph v. Railroad*, 39 Mo. 476; *Livingston County v. Railroad*, 60 Mo. 516. ( 7 ) The certificates of the several auditors of the action of the board of assessment and equalization were in proper form. They were returned to the county court under the hands and seals of the state auditors, and attested by their respective seals of office, and required no proof

of execution. Upon receipt of such certificates it became the duty of the county court to levy and extend the tax on defendant's property, as returned by the state board, which was done, as shown in evidence. R. S. 1879, sec. 6879. (8) The objection of appellant, that it does not appear that the county court made the levy at a regular term, or at a special term called for that purpose, is wholly technical and without merit. It is not claimed that the assessment and equalization made by the board and extended by the county court has been paid. Sec. 6879 ; *Railroad v. County Clerk*, 57 Mo. 223-226. The meaning of section 6879 is simply to authorize the county court to perform its duty either at a regular or special term. The irregularities noticed by the court in 57 Mo. 223, *supra*, were far more serious than any appearing in this record, and still the assessment was held to be substantially good. (9) 'The defendant's answer is : *First.* An admission that defendant is a railroad corporation in this state, *second*, a general denial, and, *third*, a tender of a part of the taxes sued for.

BLACK, J.—This is a suit by the collector of Macon county in the name of the state to recover state, county, school, municipal and township taxes for various years. The defendant made a tender of the amount it believed to be due for state, school and city and town taxes, which was accepted as to the school taxes, and the court found the amount tendered for state, city and town taxes to be the amount due. The tender was deposited with the clerk of the circuit court. The plaintiff impliedly concedes that the judgment is erroneous in so far as he recovered what are called Missouri and Mississippi railroad taxes for the years 1868, 1869 and 1870 ; so that the taxes still in dispute are taxes of the last-named description for the years 1871-2-7-8-9, 1880-2-3-4 and 5, amounting to about three thousand dollars ; and what are called Omaha railroad

taxes levied in Hudson township for the years 1882 to 1885, both inclusive, amounting to six hundred and eighty dollars. These taxes were all levied on the assessed value of the defendant's property as made out and certified to the county court by the state board of assessment and equalization of railroad property.

The following admissions were made on the trial of this case: That the Missouri and Mississippi railroad tax mentioned in the petition was a tax levied for the purpose of paying the interest and principal of certain bonds issued by the county court of Macon county; that said county in the year 1867 subscribed for one hundred and seventy-five shares of the capital stock of the Missouri and Mississippi Railroad Company, and in 1870 said court again subscribed for one hundred and seventy-five shares of the capital stock of said company, and that said bonds were issued by said county in order to pay for the stock of said company issued to said county, and that said county became a stockholder in said company, and took part in the meetings and deliberations of the shareholders as such.

That the tax described in the petition as the Omaha railroad tax, assessed and levied in Hudson township, was a tax for the purpose of paying the principal and interest on bonds of said county issued by the county court in pursuance of an act approved March 23, 1868; that under said act the county court had been petitioned by the taxpayers to order an election in relation to subscribing for the stock of the St. Louis and Omaha Air Line railroad, a corporation organized under the general laws of this state; that an election had been held and the county court had subscribed forty thousand dollars of bonds in the name of Hudson township; that the bonds, for which the tax is levied to pay, are funding bonds to take up the above-named bonds, said funding bonds being issued under the general statutes of this state.

1. It is deemed best to notice here some preliminary questions. The defendant insists that the circuit court should have sustained its objection to the introduction of any evidence, because the petition is defective in this, that it gives no sufficient description of the defendant's property, and in this, that it is not stated that Macon county had adopted township organization, or that there was such a township as Hudson township.

There are four counts in the petition, but it will be sufficient to notice the first: It is alleged that defendant was the owner of "thirty-one and fifteen-hundredths miles of railroad bed, including sidetracks, buildings and other property in said Macon county of the total value," etc.; "that there were legally assessed and levied against said property for 1884, for state, school, municipal and other purposes, the aggregate sum of $3,485.97; that the taxes so assessed and levied thereon are now due and unpaid * * * for Omaha railroad taxes levied and assessed in Hudson township in said Macon county, the sum of $161.32," etc.

Section 6889, Revised Statutes, 1879, gives a form of petitions in these tax suits, and the form contemplates a description of the taxed property. But in determining what will be a sufficient description we must look to other sections of the same law. It is made the duty of the state board of equalization to assess the railroad in its entire length, including branches, double and sidetracks, depots, water-tanks, turn-tables, engines and cars, and to apportion the aggregate value to each county, township, city or incorporated town according to the ratio which the number of miles in such county, township, city or incorporated town bears to the whole length of the road in this state. It is apparent that the assessment in each county must be according to the apportioned mileage, and the law contemplates that the property which comes within the jurisdiction of the state board of equalization will be assessed by

designating the number of miles of road in each county, township and municipal corporation. The assessment need not, therefore, describe the property otherwise than as so many miles of a given value with the proper proportion of the value of the rolling stock added. The petition need be no more specific than the assessment, and it follows that the description of the property given in the petition in this case is sufficient ; for it sets out the number of miles of road in Macon county with the assessed value of road and rolling stock. It is true that the number of miles in Hudson township is not stated in the petition, though it is in the assessment, nor does the statutory form of the petition require such a statement. The petition does state the amount of the railroad tax levied in Hudson township on defendant's property, and that is sufficient. So far as the validity of this township bond tax is concerned, it is a matter of no importance whether Macon county had or had not adopted township organization.

2. On behalf of the defendant, it is next insisted that the judgment of the circuit court is erroneous in so far as defendant is charged with Missouri and Mississippi railroad taxes, because they are county taxes, and that the defendant is, by its charter, exempt from the payment of all county taxes. The plaintiff insists that these are not county taxes within the meaning of the exemption clause of the defendant's charter ; and, if it may be called a county tax, still the legislature had the power to levy such a tax on the defendant's property, and that it exercised that power in passing article 8 of chapter 145, Revised Statutes, 1879.

The act incorporating the Hannibal and St. Joseph Railroad Company gave to it all the privileges, rights and immunities which were granted to the Louisiana and Columbia Railroad Company. Acts of 1847, p.

Vol. 101—10

157, sec. 4.  The twenty-fourth section of the act incor-
porating the last-named company provides : "And the
stock of said company shall be exempt from state and
county taxes."    Acts of 1836–7, p. 252.

The act of September 20, 1852, granting lands to
the defendant, which were received by the state under
an act of congress to aid in the construction of certain
railroads provides that the defendant shall each year
"pay into the treasury of the state a sum of money
equal to the amount of state tax on other real and
personal property of a like value, for that year, upon
the actual value of the roadbed  *  *  *  and other
property of said company, which shall be a considera-
tion to the state for the execution of the trust reposed
in the state by the act of congress," etc.   This act of
1852, which was accepted by the defendant; modified
the charter exemption, so that the defendant thereafter
became liable for taxes for state purposes, the same as
like corporations organized under the general law.
*State v. Railroad*, 60 Mo. 143.   But it has been con-
stantly ruled by this court that the property of the
company could not be taxed for county purposes,
because the act of 1852 in no way affected the charter
exemption as to such taxes.   *Railroad v. Shacklett*, 30
Mo. 550 ; *State v. Railroad*, 37 Mo. 266 ; *Livingston
County v. Railroad*, 60 Mo. 516.

Some language used in the earlier of these cases
has lead to the argument in this case, ·that the former
statutes were not broad and comprehensive enough to
include the property of defendant in the subjects of
county taxation, and that the judgments in those former
cases should be regarded as standing on that ground.
The case last cited was a suit to recover a county tax
and a school tax levied and assessed under the act of
March 11, 1871 ( Acts of 1871, p. 56 ).   The first sec-
tion of that act is as broad and comprehensive as
language could make it.   It is as broad and compre-
hensive as article 8, of chapter 145, of Revised Statutes,

1879, upon which the plaintiff relies. This court then speaking of the county tax there in suit, said the exemption of the road from county taxes had never been rescinded by the act of the parties, and that the demurrer to so much of the petition as claimed a recovery for county taxes was properly sustained. It cannot be and we believe is not claimed that the legislature or any constitutional convention could repeal the exemption without the defendant's consent. If there has been any act on the part of the defendant, such as a sale or consolidation, that can have the effect of depriving the defendant of its charter exemption from the payment of county taxes, that act is not made to appear by this record. There is nothing left for this court to do but to say the defendant is not liable for county taxes.

But the plaintiff says these Missouri and Mississippi railroad taxes are not county taxes, within the meaning of the defendant's charter exemption. The county became a stockholder in that railroad company, and the bonds of the county were issued to pay for the stock. No other subdivision of the state is under any obligation to pay the debt thus incurred, and if the tax levied to pay them is not a county tax then it is difficult to say what kind of a tax it is when we are speaking of state, county and other taxes, County taxes are mentioned in the defendant's charter as a class, and the defendant is exempt from the payment of taxes which come within that class. It is true the thirteenth section of the charter of the Missouri and Mississippi Railroad Company, and under which the bonds were issued, provides for a tax of one-twentieth of one per cent. to pay them, but the tax is one levied on all the property in the county, not exempt from taxation, and is still a county tax, and cannot be otherwise designated when speaking of county taxes as a class. The plaintiff places much stress upon a remark made in *Livingston County v. Railroad*, 60 Mo, at page 519, where it is said: "In

regard to school taxes, they may be considered as originating since the charter ; and, therefore, nothing was said in it concerning them. Like the municipal taxes of St. Joseph ( 39 Mo. 476 ), they may be regarded as not within the exemption." We fail to discover anything in these observations which says that the defendant was exempt only from such county taxes as were levied and collected at the date of the defendant's charter. It is a matter of no consequence when the particular tax was first levied. If it is a county tax, the defendant is exempt from the payment of it.

3.   The defendant objects to the Omaha railroad tax on the ground that the act of March 23, 1868, known as the " township aid act," and under which the original bonds were issued, is a void law. This court has held that the act was unconstitutional in a number of cases.   *Webb v. LaFayette County*, 67 Mo. 367 ; *State ex rel. v. Walker*, 85 Mo. 44, and cases cited.   On the other hand the United States courts, following *Cass County v. Johnson*, 95 U. S. 365, uphold the act, and bonds issued pursuant to it are, by those courts, held to be valid obligations.   Because of this state of affairs it was held in *State v. Holliday*, 72 Mo. 499, that such bonds were proper subjects of compromise under the act of April 12, 1877.   The township bonds now in question are conceded to be funding bonds issued under the general statutes of this state, and, by this, reference must be had to the act of 1879.   That act authorizes the various counties for themselves and for any township therein to make contracts for the compromise, purchase or redemption of bonds ; and the county courts, under the restrictions therein stated, may issue new bonds for such purposes.   Following the logical result of that case and of the case of *Dallas County v. Merrill*, 77 Mo. 573, it must follow that these new compromises or funding bonds are valid, and the taxes levied to pay them are valid taxes, if not invalid for some other reason.

4. With the result just reached the defendant still insists that these township taxes levied to pay township funding bonds are county taxes, within the meaning of its charter exemption. It does not appear from this record that Macon county has ever adopted township organization ; so we have no occasion to speak of township organization laws. Hudson township, so far as this record shows, is simply a geographical subdivision of the county, without any corporate existence. As the defendant's charter only speaks of state and county taxes, it has been held the exemption never did extend to municipal corporation taxes, such as cities and towns ( *The City of St. Joseph v. Railroad*, 39 Mo. 447 ) ; nor to school taxes. *Livingston County v. Railroad*, 60 Mo. 518. School districts, like municipal corporations, do have a corporate existence, and in this respect they differ from townships. But the tax here in question is local, and levied only on the property in the particular township, and, in our judgment, was not within the contemplation of the legislature when it exempted defendant from the payment of county taxes. It does not fall within that class of taxes.

5. The order of the county court levying the township taxes for 1882 and 1883 was made on the second of September, 1884. It recites that the special taxes to pay Hudson township bonds were omitted for the designated years, and it is then ordered that the clerk of the county court extend such taxes on the tax books of the county on property of defendant in said township, at the rate of twenty cents on each one hundred dollars' valuation, said rate being the same as extended upon other property in said township for said years.

These taxes for the omitted years were levied by authority of section 6879, 2 Revised Statutes, 1879. The plaintiff did not offer any evidence other than the order itself to show that those years had been omitted. The county court in making the order must have found,

and, in point of fact, did find, that they had been omitted, and the recital is at least *prima facie* evidence that they had been omitted. For a like reason it was not necessary for the plaintiff to make out a *prima facie* case, to introduce the levy for those years made upon property other than railroad property. Until some evidence to the contrary is offered, it must be taken as proved that the rate levied on other property for the same years was twenty cents on the one hundred dollars' valuation. The point made that the court did not, by the order, levy any tax is extremely technical. The order does direct the clerk to extend the specified tax at a specified rate upon the tax books for the omitted years, and this we held was a good and sufficient levy. We find nothing to the contrary in the case of *The City of Kansas v. Railroad*, 81 Mo. 294.

6. These taxes against railroad property are to be levied after the assessments are returned "at a regular term of said court, if in session at the time ; if not at a special term of said court called for that purpose." Sec. 6879. When the county court opens a stated term and adjourns from day to day or for a number of days, such adjournments are but a part of the regular term, and the tax may be levied at any of these adjourned sessions. The special term mentioned in the clause of the statute just quoted evidently means a term called pursuant to sections 1207–8, Revised Statutes, 1879 ; but when the court adjourns from time to time, the adjourned terms, as they are called, are but parts of the regular term.

7. It has been suggested in this court that the taxes levied to pay these township funding bonds are void, because it does not appear that the Macon county circuit court ever made an order directing the county court to levy a tax to pay them, as provided by the act of March 8, 1879 ( Acts of 1879, 189 ; 2 R. S. 1879, sec. 6799). Taxes have been held to be invalid because of

a non-compliance with that act in a number of cases (87 Mo. 236 ; 92 Mo. 153 ; 97 Mo. 298) ; but the act has been recently held to be unconstitutional by the supreme court of the United States, so far as concerns bonds issued prior to its passage. *Seibert v. Lewis*, 122 U. S. 284. It is probable that the ruling in that case would not apply to the bonds in question, because they were issued subsequent to the date of the act. But be that as it may, it does not appear whether the circuit court did or did not make the order. The county court is the only court which has the power to levy these taxes ; and, when a levy is shown we are of the opinion it should be presumed that the preliminary order had been procured, until the contrary is made to appear.

Other objections are made to these taxes levied to pay township bonds, but we cannot pursue them in detail. We are of the opinion they are not well taken.

It follows that the judgment is erroneous as to all the Missouri and Mississippi railroad taxes, and as they are separately stated in the judgment, it is not necessary to remand the cause. As to all Missouri and Mississippi railroad taxes, the judgment is reversed, but in all other respects the judgment is affirmed, and a judgment will be entered here in conformity with what has been said. The costs of this appeal will be taxed against the plaintiff below, respondent here. All concur.