THE STATE *ex rel.* HAMILTON, COLLECTOR, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

Division One, January 23, 1893.

1. Railroads: TOWNSHIP AID TAX: EXEMPTION. A township tax levied by the county court to pay bonds issued in aid of a railroad is not a county tax within the meaning of a provision in the company's charter exempting it from county taxes. (*State ex rel. v. Railroad,* 101 Mo. 149.)

2.    ———: ———: ORDER OF COURT: SURPLUSAGE. Revised Statutes. 1879, section 6790 *et seq.*, requiring an order of the circuit court or judge to authorize the county court to make a tax levy to pay township railroad aid bonds, being unconstitutional as applied to a levy to pay bonds antedating the enactment of said statute, such an order is unnecessary in case of a levy by the county court to pay such prior bonds, and, where the order of the county court refers to such order of the circuit court or judge as authority for making the levy, the reference may be treated as surplusage.

3.    ———: ———: ———: PRESUMPTION. Where, in an action to collect such taxes, there is nothing in the evidence to show the date of the bonds, the court may presume they were issued prior to the enactment of said section 6790 *et seq.*

4.    ———: ———: HARMLESS ERROR. It is immaterial in such case whether or not the collector's certified tax bill was properly admitted in evidence where the other evidence sufficiently supports the finding of the court in favor of the validity of the tax.

5.    ———: ———: STATUTES, CONSTRUCTION OF. When statutes direct proceedings to be done in a certain way or at a certain time, and a strict compliance with these provisions of time and form does not appear essential to the judicial mind, the proceedings will be held valid though the command of the statute is disregarded or disobeyed.

6.    ———: ———: ———: ———. The foregoing rule applied to support a levy of taxes to pay railroad aid bonds made subsequent to the time mentioned in the statute. (Revised Statutes, 1889, sec. 7731.)

*Appeal from Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*J. D. Strong* for appellant.

(1) The court should reverse the judgment as to each of counts 1, 2, 3 and 4, because the court failed to follow the ruling in *State ex rel. v. Railroad*, 97 Mo. 299. (2) The court erred in permitting plaintiff to introduce in evidence the so-called certified tax bill; there is no statute authorizing the proof of any fact by a "certified tax bill" in a suit like the present one. (3) The court also erred in admitting in evidence the

order of the county court, dated November 5, 1887. (4) The county court, on November 5, 1887, had no power under the statute concerning the levy of taxes on railroad property to make any further levies during the year 1887. It had exhausted its power for such purposes at its session of September 5, 1887. (5) *First*. The court further erred in overruling the objection to the order of November 5, 1887. The record does not recite that the court had any evidence of the valuation of defendant's property for any one of the years named; *second*, nor state any such valuations. *Third*. It does not show that the county court did "ascertain" any of the taxes nor levy any taxes. It merely reiterates the rates of taxation. Revised Statutes, 1879, sec. 6879. To fix a rate is not the "ascertainment" of a tax. If so, then these taxes were ascertained years before the date of this order. (6) To fix a rate is not the "levy" of a tax, else these taxes were levied years ago. "If the county court can only exercise the power to levy a tax as it may be conferred by the law-making power, the legislature in conferring it may impose the conditions on which it may be exercised, and, when such conditions are made essential to the exercise of the power, they must be observed before the power can be lawfully exercised." *State ex rel. v. Railroad*, 87 Mo. 239; *State ex rel. v. Shortridge*, 56 Mo. 126. Revenue statutes must be strictly construed. *State ex rel. v. St. Louis Co.*, 84 Mo. 233; *Sewell v. Jones*, 9 Pick. 412; *Mosely v. Tift*, 4 Fla. 402; *Barnes v. Doe*, 4 Ind. 132. A tax operates *in invitum*. *Carondelet v. Picot*, 38 Mo. 125. (7) No presumptions are indulged in behalf of proceedings under such statutes. *Rubey v. Huntsman*, 32 Mo. 501; *Reeds v. Morton*, 9 Mo. 878. (8) Their provisions are not intended to be disregarded, but are made for the protection of the citizens (Cooley on Taxation [1 Ed.]

p. 200; Dwarris's Statutes, 742–749), (9) And are to be construed according to their plain meaning. *Williams v. Sanger*, 10 East, 66; *Marquis v. Commissioners*, 6 Exch. 464. (10) The court also erred in overruling defendant's objection to the order of the county court dated September 5, 1887. The statute requires that the amount of each tax be separately stated; this is for the protection of the taxpayer. The order does not state separately the amount of taxes due "for interest" and for the "sinking fund." It is impossible to distinguish between that part of the tax which might have been rightly assessed and that for which no authority is given, so that the assessment can be found valid as to part or void as to the other part. In such case the whole tax is void. *Case v. Dean*, 16 Mich. 32; *Stetson v. Kempton*, 13 Mass. 283; *Libby v. Burnham*, 15 Mass. 147. It is otherwise if the taxpayer can distinguish on the record the part which is legal from the part which is illegal. *Mix v. People*, 72 Ill. 241. In such case the taxpayer must pay the portion lawfully levied, and resist the collection of the other portion. *Railroad v. Cass Co.*, 53 Mo. 32. (11) The court erred in overruling the demurrer of defendant to the evidence given in plaintiff's behalf, and in severally overruling the defendant's instructions numbers 1, 2, 3, 4, 5.

*H. Lander* and *H. K. West* for respondent.

(1) The first point made in the first subdivisions of appellant's brief is not well taken and the authorities cited by appellant's counsel do not apply to this case for the reasons: *First*. Because as the contrary is not made to appear the presumption is that all preliminary orders had been made. *State ex rel. v. Railroad*, 101 Mo. 136. *Second*. Because section 7654,

Revised Statutes, 1889, is unconstitutional as to all indebtedness contracted prior to its enactment, March 8, 1879.   *State ex rel. v. Railroad, supra; Seibert v. Lewis,* 122 U. S. 284.   (2) As to all other points made in the first subdivision of appellant's brief, we submit that they are extremely technical and are all answered by the tax bill made under section 7682, Revised Statutes, 1889, and read in evidence by respondent.  Revised Statutes, 1889, sec. 7682.   *State ex rel v. Rau,* 93 Mo. 126.   (3) All the remaining parts of appellant's brief are sufficiently answered by the authorities above cited.   (4) Respondent asks that appellant's brief be disregarded for the reason that it wholly fails to comply with rule 18 of this court in this, that the errors assigned or alleged to have been committed by the trial court are nowhere set forth in said brief.

MACFARLANE, J.—The suit is prosecuted by the collector of Linn county to recover taxes for the years 1883, 4, 5, 6 and 7, alleged to have been levied by the county court for payment of interest upon railroad aid bonds of Jefferson township, in Linn county, and for creating a fund with which to pay the principal at their maturity.   The petition contains five counts, one for the taxes of each year, and is drawn substantially after the form prescribed for such suits by what is now section 7742, Revised Statutes, 1889.  In each count it is charged that the tax became delinquent January 1, 1888.

Defendant, by its answer, admitted its incorporation, pleaded charter exemption from taxation, and that, by a former judgment of the circuit court of Linn county, rendered in 1879, the county court had been restrained from levying a tax to pay either principal or interest on said bonds.  In this plea defendant stated the date of the alleged indebtedness to have been August 3, 1868.  The plea was stricken out, on motion of plaintiff, and defendant saved no exception thereto.

At the trial plaintiff read, over defendant's objection, a certificate of the collector of the county, setting forth the taxes for each year separately, the kind of taxes, and a description of the property taxed, with the name of the owner thereof, and declaring that "the amounts of back taxes remain delinquent in favor of the several funds for the several years" on defendant's railroad "situate in Jefferson township, Linn county, Missouri."

Plaintiff then read the several certificates of the state auditor, showing the valuation at which the property was assessed for each year.

To support the first four counts plaintiff read an order of the county court of Linn county, dated July 5, 1887, requesting the prosecuting attorney of the county to apply to the judge of the circuit court for an order directing the levy of the taxes. This order recited as a reason for the levy that said county court "undertook to, and did levy a tax, on all taxable property in the township," for said years, but stated further that it was "satisfied that said levies herein before mentioned, and each of them, was illegally and erroneously made by this court because of the failure of this court to comply with the requirements" of the statute making a levy for such taxes conditional upon an order of the circuit court or judge. In pursuance of this order the prosecuting attorney petitioned the circuit judge who, under date of July 6, 1887, made the order requiring the county court to make the levy. The petition and orders were read in evidence.

Plaintiff then read in evidence an order of the circuit judge March 23, 1887, reciting a petition of the prosecuting attorney, and directing the levy of a special tax to pay interest on said township bonded indebtedness, and to create a sinking fund for the year 1887. At the August adjourned term, 1887, of said county

court and on the fifth day of September, 1887, the court
levied the tax for the year 1887.   On the fifth day of
November 1887, the county court pursuant, as recited,
to the said  direction of the circuit judge made a levy
of the taxes for the  years 1883 to 1886 both inclusive.

Defendant  read section 24 of its charter which
provides  that  the  "stock of said  company shall be
exempt from state and county taxes."

The court  refused to declare  the law as requested
by defendant that "the order of the county court dated
November 5, 1887, read in evidence purporting to levy
taxes for the years 1883, 4, 5,  6, is unauthorized in law
and void as a levy of  taxes for those years," but did
declare  the  law  to be, that upon  the  pleadings and
evidence the judgment must be for plaintiff.

Judgment was rendered for plaintiff on each count
and defendant appealed.

I. The objection, urged by  the  defendant in the
circuit court,  that the  township tax, sued for in this
action, is  really  and in law a part of  the  county tax,
and as such could  not be  charged against its property
under the exemption therefrom contained in its charter,
was settled in a recent decision of  this  court adversely
to defendant's contention, and is not seriously insisted
upon here.   *State ex rel. v. Railroad,* 101 Mo. 149.   In
this decision it was  distinctly held  that a township tax
to pay bonds issued  in  aid  of  a  railroad was not a
county tax within the  meaning of  the exemption from
county taxation contained in defendant's charter.

II. The question of most  serious difficulty in the
case respects the effect of the order of  the county court
in levying  the  taxes for the  years 1883  to 1886, both
inclusive, under the direction of the circuit judge, given
long after the time within  which the levy should have
been made under section 6879 of the statute of 1879.
It was  recently held  by this court in *State ex rel. v.*

*Railroad*, 97 Mo. 297, that, "there is nothing in this section which professes to give the county court the power to go back and levy or relevy a tax, which it then had no power to levy. Nor does the order of the circuit judge help the matter. The statute giving him the power, on the petition of the prosecuting attorney, to direct and order the county court to levy the specified tax is prospective only. It furnishes him no power to direct the county court to make levies for by-gone years." If the order of the circuit court or judge was necessary to vest in the county court authority to levy the tax, and the statute furnished the judge "no power to direct the county court to make levies for by-gone years," then it would be clear that the levy in this case was a nullity.

Since the foregoing decision, however, the statute (sec. 6799, *et seq.*) which requires the order of the circuit court or judge to authorize the county court to levy taxes for paying this class of indebtedness, has been declared unconstitutional by the supreme court of the United States, at least so far as they apply to a levy of taxes to pay township bonds issued prior to 1879, the date at which said sections were enacted. *Seibert v. Lewis*, 122 U. S. 284; see also *State ex rel. v. Railroad, supra.*

The evidence in this case gives no intimation of the date of the bonds of Jefferson township for the payment of which this levy was made. The plea of estoppel made by defendant, it is true, fixed the date at a period long prior to the date of the statute, but this plea was stricken out on motion of plaintiff, and the statements contained in it were not read in evidence or preserved by exceptions, and cannot therefore now be used as an admission. We think, however, that courts can presume that an act was done prior to a period after which it could not lawfully have been done. The

State ex rel. Hamilton v. The Hannibal & St. J. Ry. Co.

constitution, which was adopted in 1875, took from the legislature the power to authorize any township in the state to lend its aid to any corporation whatsoever, or to become a stockholder therein. Since the adoption of the constitution these townships, or the counties in their behalf, have no authority to lend their credit to railroad companies, or to issue their bonds, in furtherance of a purpose to do so. We must presume then that the bonded indebtedness of this township was created prior to the enactment of said section 6799, and therefore the statute and the conditions and limitations therein provided for making levies to raise taxes to pay principal and interest on township aid bonds has no application to the bonds in question.

It is true that counties are, under laws of 1879, chapter 83, empowered to compromise pre-existing township bonded indebtedness and issue renewal bonds in lieu thereof, but it does not appear in this case that the bonds of Jefferson township were issued for such purposes.

The order of the circuit court not being required to authorize a levy by the county court, the reference by the latter to the order of the circuit judge, as giving authority, can be altogether rejected as surplusage, and enough of the order levying the tax for the omitted years will remain to constitute a valid levy.

III. The statute, providing specially for the collection of taxes upon railroad property, makes no provision for issuing tax bills, such as the one read in evidence, and we do not think it necessary to inquire here, whether the general provision contained in section 7682, under article 6, Revised Statutes, 1889, concerning the collection of back taxes on real estate, authorized it. If the tax bill was not admissible, then the statute is silent as to the manner of proving the liabil-

VOL. 113—20

ity for the tax and its amount. The evidence offered by plaintiff, we think, was sufficient to establish his case without reference to the tax bill. The assessment of the property, its description and the value placed upon it by the state board of equalization, was shown by the certificate of the state auditor. The levy of the taxes, and the rate per cent. fixed, was shown by the order of the county court. That the taxes remained unpaid was shown by the testimony of the collector. Thus every fact shown by the tax bill was proved by the original evidence except the amount of the taxes, which was ascertainable by a simple calculation.

If error was committed in admitting the tax bill in evidence, it was not one that could have changed the result and should not reverse the judgment. Revised Statutes, 1889, sec. 2303; *Valle v. Picton*, 91 Mo. 215.

IV. It is insisted that the taxes for 1883, 4, 5 and 6, sued for in the first four counts were not levied at the same time that the county court levied other taxes on the same property, for the year 1887, as required by the statute authorizing the levy, and for that reason the levy is void.

Section 7731, Revised Statutes, 1889, provides that, "in case the county court has failed or omitted, or may hereafter fail or omit, from any cause whatever, to levy the taxes, or any portion of the taxes, for any year or years, or in case the taxes or any portion of the taxes for any year or years shall have been illegally or erroneously levied, then said court, at the time of making the regular levy upon railroad property as herein provided, shall, in addition thereto, ascertain and levy the taxes   *   *   *   for municipal township   *   *   *   purposes, on the railroad and the property thereof, in such   *   *   *   township   *   *   *   which may have been or may hereafter be omitted or illegally or erroneously levied upon the valuation of the railroad

and the property thereof, as returned by the state board of equalization for such year or years, at the same rates that were levied upon other property for the year or years for which said taxes were omitted or illegally or erroneously levied." It is insisted that the only power vested in the county court to go back and levy taxes on railroad property for past years is contained in this section and unless such power is exercised in strict compliance with the statute, the tax levied thereunder will be void. In support of his position counsel cites many authorities holding, as was held in *State ex rel v. Railroad*, 87 Mo. 239, that if "the county court can only exercise the power to levy a tax as it may be conferred by the lawmaking power, the legislature, in conferring it, may impose the conditions on which it may be exercised, and when such conditions are made essential to the exercise of the power, they must be observed before the power can be lawfully exercised."

The correctness of the principle announced in this, and other cases to the same effect, is not controverted, and yet we are of the opinion that the power granted the county court to go back and levy taxes for past years, which had been omitted, did not unconditionally depend on its being exercised on a particular day or occasion. The property was subject to taxation under the constitution. An assessment, including a description of the property and its valuation, had already been made. The rate at which it should be taxed had previously been fixed by the court. These are the substantial steps in the process of taxation. There was only left to the county court the duty of making the formal order, declaring the property, at its ascertained valuation, bound for a tax at a fixed rate. This it had power to do, at a regular adjourned or special term of court. To hold that this formal act could only be done at the

time taxes for the current year was levied would seem like an attempt to defeat the legislative will.

"When statutes direct certain proceedings to be done in a certain way or at a certain time, and a strict compliance with these provisions of time and form does not appear essential to the judicial mind, the proceedings are held valid, though the command of the statute is disregarded or disobeyed." In such case the statute is said to be directory. Sedgwick on Construction of Statutory and Constitutional Law, pp. 316, 317, 318; Dwarris on Statutes, 608–611; *Beck v. Allen*, 58 Miss. 156; *Counties v. Railroad*, 65 Ala. 394; *Pond v. Negus*, 3 Mass. 230; *Williams v. School District*, 21 Pick. 75. The legislative power expressly existing, and the manifest purpose being merely to correct an error, or supply an omission of the county court, we must hold that the date, or occasion named by the statute for exercising the power, was directory only and the levy, made November 5, 1887, was a valid exercise of the power.

The foregoing are the substantial grounds urged for reversal of the judgment. A number of other minor questions were discussed which cannot be examined here in detail. We have considered them all and find nothing in them that should change the result. The judgment is affirmed. All concur.