BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1900.

---

THE STATE OF MISSOURI ex rel. THE CITY OF ST. JOSEPH, Relator, v. ROBERT M. NASH, Clerk, etc., Respondent.

### Kansas City Court of Appeals, March 12, 1900.

**County Courts:** ADJOURNED TERMS: ORDER: MANDAMUS. A county court on the sixth of March adjourned to the twelfth of said month. It met on the seventh and ordered a registration of voters in the wards of certain cities. Held, said order was not *coram non judice* and that mandamus would lie to compel the county clerk to perform his duty under said order.

### Original Proceeding by Mandamus.

PEREMPTORY WRIT AWARDED.

No briefs returned.

PER CURIAM.—This is a proceeding by mandamus, the purpose of which is made very fully to appear from the

(509)

allegations of the alternative writ (which are in substance conceded by the return), and which are as follows:

"Your petitioner states that on the seventh day of March, 1900, the said city of St. Joseph, by an ordinance duly passed by its common council and approved by its mayor, made and entered into a contract with the St. Joseph Water Company, a corporation incorporated and organized under and by virtue of the laws of the state of Missouri for the purpose of supplying the said city with water for and during the period of twenty years from and after the tenth day of December, 1899, upon the terms, covenants and conditions in said ordinance fully set forth, a copy of which said ordinance is hereto attached and made a part of this petition.

"That in and by the terms of said ordinance a special election was called for the purpose of submitting to the electors of said city the said contract and ordinance for their ratification, which said special election was, by the terms of said ordinance, called and to be held on the twenty-ninth day of March, 1900. That thereupon and on the said seventh day of March, 1900, the relator, the said city of St. Joseph, by its city counselor, appeared before the county court within and for the said county of Buchanan and state of Missouri and asked that the said court make an order appointing a day or days of registration in each election district of said city for the purpose of such special municipal election, as provided by law; and thereupon the said county court, by its order duly made and entered of record, appointed Saturday, the seventeenth day of March, 1900, as a day of registration for the purposes of said special municipal election; and thereupon it became and was the duty of defendant, Robert M. Nash, who then was and still is the clerk of the county court within and for said Buchanan county, to deliver,

or cause to be delivered, the registration books for the several election districts of said city to the various registering officers within and for each of the several election districts aforesaid, as provided by law, at least three days before the day set for such registration as aforesaid, and the said county court thereupon ordered notice of said registration and the places where the same was so ordered to be held, to be given by publication thereof in the Daily News, a newspaper published in said city, for ten days next preceding the said day so fixed by them for such registration.

"That the said defendant, Robert M. Nash, the clerk of the said county court, in violation of his duty as such clerk, did, on the eighth day of March, 1900, order the said newspaper to discontinue such publication, and did refuse to deliver the said registration books to the said several registration officers of said city as required by law, and gave public notice that he would not at any time deliver the said books to the said registration officers, nor comply in any respect with his duties as such county clerk, or with the said order of the said county court with reference to such registration.

"That the said newspaper has hitherto failed and refused to comply with the direction of said Nash to discontinue the publication of said notice and is still publishing the same in the daily issue of the said newspaper.

"That the persistence of said Nash in his refusal to so deliver said books will defeat the holding of the election hereinbefore mentioned and will thereby put the relator to great inconvenience and inflict irreparable injury, for the prevention or redress of which there is no remedy by ordinary action at law; all of which said wrongs and injuries will be suffered by the relator unless this court shall interpose, by its writ of mandamus, to compel the performance of said acts and duties as provided by the constitution and laws of the state of Missouri."

It is stated in the return of the respondent that the said county court adjourned on the sixth day of March, 1900, to the twelfth day of said month, and that on the seventh day of said month it met and made said order.

The only question raised by the pleadings is whether or not the action of the county court when it met in session on the seventh day of March, 1900, and made the order in question was valid. That the said court was lawfully in session when it made said order seems well established in this and other states. Cole Co. v. Dallmeyer, 101 Mo. 66; State ex rel. v. Railway, 101 Mo. 136; Green v. Morse, 77 N. W. Rep. 925; Bowen v. Stewart, 26 N. E. Rep. 168; Wharton v. Sims, 88 Ga. 617; The Canary, 22 Fed. Rep. 536; Eastman v. Concord, 64 N. H. 263.

We are not of the opinion the action of the county court was *coram non judice* and we shall therefore order the issue of the peremptory writ.