THE STATE *ex rel.* GIBSON, *Collector*, v. DAVIS *et. al.*, *Appellants*.

| 131 | 457 |
| 135 | 88 |

Division Two, December 3, 1895.

1. **Back Taxes on Land**: ACTION: TAX BILL: EVIDENCE: STATUTE. Section 7682, Revised Statutes, 1889, providing that in actions for back taxes on land a tax bill setting forth the taxes sued for, duly authenticated by the collector and filed with the petition, shall be *prima facie* evidence that the amount claimed in the action is just and correct, renders such tax bill admissible in evidence; without the authority of the statute it would be inadmissible.

State ex rel. v. Davis.

2. ———: ———: ———: ———: ———: RAILROADS. Section 7682, Revised Statutes, 1889, does not apply to actions for back taxes against railroads, and section 7728, *et seq.*, regulating the manner of collecting back taxes against them, do not make a tax bill *prima facie* evidence, and it is not admissible for the purpose of proving the correctness of the amount claimed in the action.

3. ———: ———: ———: ———: ———: ———. Section 7734, Revised Statutes, 1889, declaring it to be the duty of the county clerk, as soon as the back tax book is completed, to make out and certify to the secretary or chief managing officer of any railroad company in this state a statement of taxes levied on its property in the county, is merely directory, and a compliance with its provisions is not a condition precedent to the collection of the taxes due, or to the institution of suit therefor by the proper officer.

*Appeal from Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

THIS is an action for delinquent taxes on certain land brought by the state at the relation of the collector of Newton county, against John B. Davis, the Atlantic & Pacific Railroad Company, and the St. Louis & San Francisco Railway Company. From a judgment in favor of the plaintiff the railroad companies appeal.

*L. F. Parker* for appellants.

For reasons apparent to the legislature, and which, if necessary, could be given here, it has seen fit to provide a separate method for raising revenue from railroad property from that provided for a like purpose from all other kinds of property. The assessment of railroad taxes is placed in the hands of the state board (see sec. 7723, R. S. 1889); the assessment of local property of railroad companies is, it is true, vested in the county assessor, but it is expressly provided that the "taxes on all property so assessed shall be levied and collected according to the provisions of this

article." R. S. 1889, sec. 7728. Upon the assessment by the state board of the railroad proper, and the assessment of the local property by the local assessor being received by the county court it is its duty to make an order levying the taxes on such property, and no tax levied against a railroad is valid unless the same is levied under such order. R. S. 1889, secs. 7731, 7732; *St. Louis & San Francisco R'y Co. v. Apperson*, 97 Mo. 300. Upon the making of this order by the county court it is the duty of the county clerk to extend the taxes upon railroad property on a "separate tax book, to be known as the 'railroad tax book'" (see sec. 7733, chap. 138, R. S. 1889), and no taxes, not extended upon the railroad tax book as required by the statute, can be collected from a railway company. *St. Louis & San Francisco Railroad v. Apperson, supra*; *State ex rel. Ziegenhein v. Railroad*, 117 Mo. 1. It is also provided that the county clerk shall "make out and certify to the secretary or chief managing officer of such railroad company a statement of the taxes levied on the property of such company," and the statute expressly prescribes what this statement shall contain; that is to say, that it shall contain, *first*, a statement of the taxes on the railroad proper; and, *second*, a statement of the local property and its assessment, and the taxes levied thereon, "including lands." Section 7734, *supra*. The railroad tax book, above referred to, is then delivered to the collector, and forms his warrant for the collection of the taxes, and is the only warrant provided by the statute for the collection of taxes against railroads. There is a provision in article 6 referring to suits for taxes against individuals and corporations other than railroads, that a tax bill, duly authenticated by the collector, shall be *prima facie* evidence that the amount claimed is just and correct. Article 8, however, prescribes a separate and distinct mode of procedure in

suits for railroad taxes; it contains a form of petition and other provisions with reference to practice in suits for delinquent taxes against railroads entirely different from those contained in article 6, and it was the evident intention of the legislature that in all matters the method of levying and collecting taxes upon railroad property should be different and distinct from that prescribed for the levy and collection of taxes on the property of individuals or corporations other than railroads. Hence it is plain that it was not the intention of the legislature that the provisions of section 7682 of article 6 should apply to the collection of taxes against railroad companies.

*John B. Murray* for respondent.

BURGESS, J.—This is an action for taxes, delinquent for the year 1890, against the northeast quarter of the southwest quarter of section 12, township 25, range 31, Newton county, Missouri. Defendant companies by answer admit their incorporation as alleged in the petition and deny all other allegations therein contained. There was judgment rendered against all of the defendants for the amount claimed, to wit, $4.20. The railroad companies appealed.

Upon the trial the defendant companies objected to the introduction of any evidence because the petition stated no cause of action, and because it appeared affirmatively from the petition that the suit is based upon a certain tax bill certified from the general tax books of the county and not from a "railroad tax book," as required by law, and because it nowhere appears from the petition that the taxes sued for are included in any "railroad tax book," which objection was overruled and defendants excepted.

The same objection was interposed by defendants to the introduction in evidence of the "back tax bill" with like result, as well, also, as by an instruction in the nature of a demurrer to the evidence which was refused by the court.

By section 7728, Revised Statutes, 1889, article 8, chapter 138, it is provided, that "all property, real, personal, or mixed, including lands   *   *   * owned or controlled by any railroad company or corporation in this state not hereinbefore specified, shall be assessed by the proper assessors in the several counties ·   *   *   * wherein such property is located, under the general revenue laws of the state   *   *   *  , but the taxes on the property so assessed shall be levied and collected according to the provisions of this article."

By the following section, 7729, it is provided that, for the purpose of carrying out the provisions of said section, the president or other chief officer of every such railroad company shall furnish to each county clerk in this state, wherever any lands or other property belonging to or controlled by such company may be located, a separate statement, under oath, for the benefit of county and other local assessors, specifically describing all lands by sections, lots, or subdivisions thereof, with township and range or the number of the entry, location, or survey   *   *   * owned or controlled by said company on the first day of June in each year, and the cash value thereof.

Section 7731 then provides that the county court on receipt from the state auditor of his certificate of the action of the state board of assessment and equalization and of their proceedings in accordance with preceding sections of said article, and of the returns of the county assessor   *   *   * shall, at the regular term of said court, if in session at the time, if not, at an adjourned term or at a specified term called for that

purpose, ascertain and levy the taxes for state, county, and other purposes.

By section 7733, the county clerk is required within ten days after the county court shall have levied the taxes on railroad property to extend the same on a separate tax book, to be known as the railroad tax book, in which he shall place a description of each tract of land, town lot, or other real estate, etc. By section 7737, all the property of the railroad in the county is made liable for all taxes assessed against such company in said county, and a lien is reserved to the state to enforce the payment thereof.

It will be observed that while by section 7728, article 8, chapter 138, *supra*, it is expressly provided that all taxes on railroad property shall be levied and collected according to the provisions of that article, no provision is made thereby for issuing tax bills, as in section 7682, article 6, Revised Statutes, 1889, concerning the collection of back taxes on real estate, authorized by it. By this section it is provided that all taxes sued for shall be set forth in a tax bill of said back taxes, duly authenticated by the certificate of the collector, and filed with the petition; and said tax bill or bills, so certified, are made *prima facie* evidence that the amount claimed in the suit is just and correct. Only by this provision of the section last referred to is such evidence admissible, which is clearly confined to the collection of other revenues than taxes against railroad companies. The legislature by article 8, *supra*, has seen proper to provide different modes for the assessment and collection of taxes against the property of railroad companies from that of other corporations and individuals, and the mode thus indicated must be substantially pursued in order to collect them if payment is refused or such taxes are not paid when they become due. This is

plainly shown by the sections of the statute before set out which nowhere make a tax bill evidence.

Although not decided, it is plainly intimated in *State ex rel. v. Railroad*, 113 Mo. 297, which was a suit for back taxes against the defendant therein, that a tax bill like the one under consideration should not have been admitted in evidence.

We do not think a compliance with section 7734, which makes it the duty of the county clerk, as soon as the back tax book is completed, to make out and certify to the secretary, or chief managing officer in this state of the proper railroad company, a statement of taxes levied on the property of such railroad company in his county, including its total valuation, as shown by the returns of local assessors, including lands, etc., a condition precedent to the collection of taxes by the proper collector, or the institution of suit therefor by the proper authority, as it is only directory, being for the convenience and information of the officers of railroad companies.   The right to collect the taxes, as provided by law, in no way depends upon its provisions, and a noncompliance with them is no legal excuse or justification for the nonpayment of taxes by railroad companies.

We will not, however, undertake to pass upon the sufficiency of the petition on this appeal.

For error in overruling defendant's objection to the introduction of the tax bill in evidence, as well, also, as in refusing the instruction in the nature of a demurrer interposed by them to plaintiff's evidence, the judgment is reversed, and cause remanded.   GANTT, P. J., and SHERWOOD, J., concur.