THE STATE *ex rel.* WHEAT V. ST. LOUIS & SAN
FRANCISCO RAILWAY COMPANY, *Appellant.*

### Division Two, June 16, 1896.

1. **Railroad**: MUNICIPAL TAX: CERTIFICATE OF ASSESSMENT: COUNTY
COURT: STATUTE. Revised Statutes, 1889, section 7730, requires the
authorities of each city wherein any railroad property is situated "on
or before the tenth day of May of each year" to certify to the county
court a statement of the assessments and the rate of taxation levied by
the city on all property for municipal purposes. Section 7731 requires
the county court, on receipt of the certificate, to levy taxes on the rail-
road property in such city for the ensuing year at the rate so certified,
and provides that in case the county omits to levy the tax for any
year, then at the time of making the regular levy on railroad property,
it shall, in addition thereto, levy the taxes omitted. *Held,* that unless
the certificate is made within the time required, the county court can
not levy the tax.

2. **Railroad Tax Book**: STATUTE. A sheet of paper folded up is not
a book within Revised Statutes, 1889, section 7733, requiring the clerk
of the county court within ten days after such court levies the taxes
on railroad property, to extend the same on a separate tax book to be
known as the "railroad tax book."

*Appeal from Lawrence Circuit Court.*—HON. M. G.
MCGREGOR, Judge.

REVERSED.

*Edward D. Kenna, L. F. Parker, H. S. Abbott,*
and *J. T. Woodruff* for appellant.

(1) The court erred in overruling defendant's
motion for judgment on the pleadings, because: *First.*
It did not appear on their face that the certificate of
the authorities of Peirce City certifying the local assess-
ment and the rate of taxation fixed by the city had

been filed with the county clerk or made in 1884, or any of the succeeding years at the time and as required by section 7730, Revised Statutes, 1889. *Second.* It was not averred that, granting the taxes legally levied, the clerk had extended the same on a "separate tax book," known as the "railroad tax book," in accordance with the terms of section 7733, Revised Statutes, 1889. *State ex rel. v. Railroad,* 117 Mo. 1; *Railroad v. Apperson,* 97 Mo. 300. *Third.* It was not averred that the county clerk had certified the amount of taxes to the railway company, as required by section 7734, Revised Statutes, 1889, for any of the years for which taxes are sought to be recovered. This action of the clerk was a condition precedent to the collection of taxes by suit. The defendant's taxes could not become due until this was done, and the plaintiff had no right to recover for taxes not yet due. Sec. 7736, R. S. 1889. (2) The court erred in overruling defendant's demurrer to the evidence, because, in the first instance, the answer being a general denial, it was necessary for the plaintiff to prove all the averments of its petition and it was required to make competent, affirmative proof of every jurisdictional fact necessary for the full exercise of the taxing power. There was no proof whatever offered of the following facts, all of which were necessary to be established to enable plaintiff to recover. *First.* Ordinances passed by the city council of Peirce City fixing the rate of taxation for municipal purposes on property within the city limits for the years 1884 to 1889, inclusive. *Second.* Certificates of assessment and levy made at the time required by section 7728, of the municipal authorities of Peirce City to the county court of the taxes sought to be collected, for the years 1884 to 1889, inclusive. *Third.* Certificate of the state auditor to the county court of the total assessment and valuation of defendant's property (except local prop-

erty) in Peirce City, for the years 1884 to 1889, inclusive. *Fourth.* Proof that the taxes for the various years were extended by the county clerk at the time required by law, or at any time in the railroad tax book, as required by section 7733, Revised Statutes, 1889. *Fifth.* Proof of a railroad tax book, such as contemplated and required by section 7733, Revised Statutes, 1889. *Sixth.* Proof of notice to the railroad company of the taxes levied and then entered by the county clerk in the railroad tax book. This notice being a condition precedent to the collection of delinquent taxes by suit and required by section 7734, Revised Statutes, 1889. *Seventh.* Proof of assessment for the year 1887. (3) The court erred in overruling the defendant's objections to the introduction as evidence, of the order of the county court dated August 7, 1889, making the levy for these years, *nunc pro tunc.* (4) A tax is not a debt. It operates *in invitum.* Its validity depends upon the fact that the officers have complied with the statute in every respect. The power of taxation can only arise on the performance of certain acts specifically pointed out by law. No presumption can be indulged in favor of the regularity of the procedure of the officers. This power can only be exercised when conferred, and then only in accordance with the limitations and restrictions placed upon its exercise. *Yankee v. Thompson*, 51 Mo. 238; *State v. Railroad*, 87 Mo. 238; *State v. Cook*, 82 Mo. 186; *City of Kansas v. Railroad*, 81 Mo. 296; *Warrensburg v. Miller*, 77 Mo. 56; *Henry v. Bell*, 75 Mo. 198; *Spurlock v. Dougherty*, 81 Mo. 171; *Howard v. Heck*, 88 Mo. 456; *Steibner v. Franklin County*, 48 Mo. 177; *Mason v. Crowder*, 85 Mo. 526; *Lagroue v. Rains*, 48 Mo. 538; *State v. Railroad*, 75 Mo. 526; *Hawkins v. Scott*, 86 Mo. 140; *State v. Van Avery*, 75 Mo. 537; *State ex rel. v. Mantz*, 62 Mo. 260.

*R. H. Davis* and *J. N. Davies* for respondent.

(1) The provisions of section 7730, Revised Statutes, 1889, providing that the city authorities shall "on or before the tenth day of August of each year, certify to the county court of their respective counties, a statement of the assessment made in pursuance of section 7228, and also the rate of per cent levied by such city or incorporated town or village on all property therein for municipal purposes for that year," are, as to the time the certificates shall be made by the city authorities, directory and not mandatory. "The general rule is that the fixing of an exact time for the doing of an act is only directory where it is not fixed for the purpose of giving a party a hearing or for any other purpose important to him." Cooley on Taxation [2 Ed.], p. 289, and authorities cited; *State ex rel. v. Railroad*, 113 Mo. 308. (2) Section 7742 does not require the pleader to state that the clerk had extended the taxes on a "separate tax book," known as the railroad tax book. *State ex rel. v. Railroad, supra*. The decision of the court in the case of *State ex rel. v. Railroad*, 117 Mo. 1, does not decide the question of pleading, although that point was urged by the defendant company. (3) Under the authority of *State ex rel. v. Railroad, supra*, it was not necessary to aver nor prove that the county clerk had certified the amount of taxes to defendant as provided in section 7734. The notice provided in section 7734 is not a condition precedent to the collection of delinquent railroad taxes by suit. *Goddard v. Seymour*, 30 Conn. 394. (4) It was not necessary for plaintiff to introduce in evidence ordinances passed by the city council, fixing the rate of taxation for municipal purposes on the property within the city limits, for years 1884 to 1889, inclusive. If the county court made the levy for the various

years, without having before it the necessary certificates of the proper city officers, that was a matter of defense. The recitals of the order of the court levying the taxes were *prima facie* evidence, of the substantive facts. *State ex rel. v. Railroad, supra.*   (5) Admitting that all public record books should be well bound books, still section 7733 does not so require in express terms. The sheets of paper upon which the taxes for the various years were extended in this case, was a book under the definition of book given in 2 American and English Encyclopedia of Law, page 467, note 2. There appears to be no error of record.   *Tower v. Moore*, 52 Mo. 118.

BURGESS, J.—This is an action by the collector of the revenue of Lawrence county, Missouri, to recover municipal taxes alleged to be due by defendant to Peirce City, in that county, for the years 1884, 1885, 1886, 1887, 1888, and 1889.   The petition contains six counts, and, leaving off the formal parts, is as follows:

"The state of Missouri suing at the relation and to the use of the collector of the revenue within and for Lawrence county, alleges that A. R. Wheat is the legally elected, qualified, and acting collector of the revenue within and for the county of Lawrence and state of Missouri aforesaid; that the defendant is now and was at all the times hereinafter mentioned a corporation organized and existing according to law; that on or about the first day of January, 1884, defendant was the owner of the following railroad property, to wit: Seventy-four one hundredths miles of roadbed of the St. Louis and San Francisco Railway main line with the superstructure including the right of way, tracks and appurtenances, double and side tracks, depots, water tanks, and turntables of said railway, in the city of Peirce City, in said Lawrence county, and

VOL. 135 mo—6

all the buildings thereon, the proportional and pro
ratio share of the rolling stock of said St. Louis and
San Francisco Railway Company used to operate said
seventy-four one hundredths miles of roadbed, includ-
ing engines, and cars of every kind and description,
including all palace and sleeping cars, passenger and
freight cars, and other movable property, owned, used
or leased, on said line, which was then and there sub-
ject to taxation, for state, county, city, and incorpo-
rated town, and village purposes. That the city of
Peirce City is a municipal corporation formed under
the general laws of the state of Missouri, incorpo-
rating cities of the fourth class, and as such, possessed
all the powers therein given. That the board of alder-
man of the city of Peirce City under and by virtue of
the authority in them vested under the provision
of section 4952 of the Revised Statutes of 1879, of
Missouri, as amended, on July 9, 1884, duly passed an
ordinance, entitled, 'An ordinance for the levying of a
tax on the real and personal property within the corpo-
rate limits of the city of Peirce City,' which provides
for the levying of a tax of five mills on the dollar on
all property within the city of Peirce City for the year
1884. That the board of aldermen of said city of
Peirce City caused to be certified to the county court
of Lawrence county, a copy of said ordinance as afore-
said and also the rate of taxation for municipal pur-
poses on all property within the corporate limits of the
said city of Peirce City for the year 1884; that the
county court, as aforesaid, failed and omitted to levy
the tax for the municipal purposes of the city of Peirce
City, on the railroad and property of said St. Louis
and San Francisco Railway Company, within the cor-
porate limits of said city of Peirce City for the year
1884; that the county court of Lawrence county at its
August term, 1891, legally levied and assessed against

such property within the corporate limits of the city
of Peirce City, as aforesaid, for the year 1884 omitted
as aforesaid, taxes for municipal purposes the city of
Peirce City, as aforesaid, at the rate of five mills on
the dollar of the assessed valuation of such property,
the rate levied and assessed on all property then for the
year 1884, aggregating the sum of $8,665 for the
municipal corporation of the city of Peirce City; that
the taxes so assessed, as aforesaid, were due and unpaid
as required by law. That plaintiff is entitled to recover
of defendant a penalty of one per cent per month on
the amount so due and unpaid from the first day of
January, 1892, until the same shall be paid. Plaintiff
further states that the taxes so assessed and levied are
by virtue of the laws of the state of Missouri, a prior
lien on said roadbed and real estate and other property,
wherefore plaintiff prays judgment for the said sum of
forty-three and thirty-three one hundredths dollars and
the penalty thereon until the same shall be paid, and
for a reasonable attorney's fee, and costs of suit that
the same be declared a lien in favor of the state of
Missouri, and that said real estate, roadbed, rolling
stock, and other property, or so much thereof as may
be necessary be sold to satisfy said judgment and
costs, and that a special *fieri facias* be issued against
said property.''

The answer was a general denial.

There was judgment for plaintiff for the amount
sued for. Defendant brings the case to this court by
appeal.

When the cause came on for trial defendant
objected to the introduction of any evidence for the
reason that the petition fails to state facts sufficient to
constitute a cause of action. The objection was over-
ruled, and defendant saved its exceptions.

At the close of the evidence on part of plaintiff

defendant asked an instruction in the nature of a demurrer to the evidence which was refused and exceptions saved.

No evidence was offered by defendant.

The grounds relied upon for a reversal of the judgment are: *First*, that the county had no authority to levy the tax sued for; *second*, the tax levied was never extended on a railroad tax book, as required by law.

First as to the authority of the county court to levy the tax.

Section 7730, Revised Statutes, reads as follows: "It shall be the duty of each city or town council, board of aldermen or board of trustees, as the case may be, of every city or incorporated town or village wherein any railroad property is located, on or before the tenth day of May of each year, to certify to the county courts of their respective counties a statement of the assessments made in pursuance of section 7728, and also the rate per cent levied by such city or incorporated town or village on all property therein for municipal purposes for that year."

By the following section, 7731, the county court is required, upon receipt from the auditor of the certificate of the action of said board of assessment and equalization, the returns of the county assessor, and the certificate of the cities, towns, and villages made under the preceding section, at the regular term of said court, if in session at the time, if not, at an adjourned term or at a special term of said court called for that purpose, to ascertain and levy the taxes for state, county, municipal, township, city, incorporated town, and village, and to levy a tax on the railroad property in such city for the ensuing year at the rate thus certified.

At the August term, 1891, the county court, without any certificate from the authorities of Peirce City of the statement of an assessment made and the rate

per cent levied by said city on all property therein for the municipal purposes for the respective years aforesaid, as required by section 7730, *supra*, made an order containing the following recital:

"Now at this day coming on to be heard the matter of levying taxes on the St. Louis and San Francisco Railroad Company for municipal purposes for the city of Peirce City, and it appearing to the satisfaction of the court by the proper certificate by the proper city officers of the city of Peirce City, and by ordinances of the city of Peirce City duly passed and certified, that taxes were levied and assessed upon the property within the city of Peirce City as follows: for the year of 1884, the sum of five mills, for the year 1885, the sum of five mills, for the year 1886, the sum of five mills, for the year 1887, the sum of five mills, for the year 1888, the sum of five mills, for the year 1889, the sum of .five' mills upon each and every dollar of the valuation of all property within said city of Peirce City subject to taxation within said city for each and every one of said years aforesaid; * * * and it further appearing to the satisfaction of the court that the proper authorities of said city of Peirce City had failed to certify and return the rate of taxation so fixed for each and every one of the years aforesaid, and that from these causes there had been no taxes levied or collected from said St. Louis and San Francisco Railroad Company for the said years of 1884, 1885, 1886, 1887, 1888, and 1889, although the assessment and valuation as set forth above had been duly certified by the state auditor to the county clerk of Lawrence county, Missouri, for each and every one of the years above mentioned, it is therefore ordered and adjudged by the court as follows:

"That there be and is hereby assessed and levied against the St. Louis and San Francisco Railroad Company and its property, for and on account of the city

of Peirce City, as follows: For the year 1884, five mills on each dollar of the sum of $8,665, amounting to $43.33; for the year of 1885, five mills on each dollar of the sum of $9,182, amounting to $45.91; for the year 1886, five mills on said sum of $9,162, amounting to $45.81; for the year 1887, five mills on each dollar of said sum of $9,628, amounting to $48.14; for the year 1888, five mills on each dollar of said sum of $9,731, amounting to $48.65; for the year 1889, five mills on each dollar of said sum of $9,795, amounting to $48.98, and amounting to a total tax of $280.82; and it is further ordered that the sum be extended by the clerk hereof on a railroad tax book, and that the said book be delivered to the county collector for collection as other railroad taxes.''

Plaintiff's action is bottomed solely upon said order.

While this order recites: ''It appearing to the satisfaction of the court by the proper certificate by the proper city officers of the city of Peirce City, and by ordinances of said city, duly passed and certified, that taxes were levied and assessed upon all property within the city,'' it also recites: ''And it further appearing to the satisfaction of the court that the proper authorities of said city of Peirce City had failed to certify and return the rate of taxation so fixed for each and every one of the years aforesaid, and from these causes there had been no taxes levied or collected from said St. Louis and San Francisco Railroad Company for the years,'' etc., from which it clearly appears that the officers of said city, whose duty it was to so do, failed and neglected to certify to said court, on or before the tenth day of May for each year, as required by section 7730, *supra*, a statement of the assessments and rate per cent levied by said city on the property of defendant for municipal purposes for that year.

In the absence of such certificate the county court was without authority to make the levy, for it is made one of the prerequisites of its power to do so by section 7731, *supra*. The power to tax is one of the prerogative rights of the state, and when the legislature grants that power to another tribunal on specific terms and conditions it can only be exercised in strict compliance therewith.

Granting that the order is *prima facie* evidence of the recitals therein contained, it shows too much; that is, that the city authorities failed to certify, on or before the tenth day of May for each year, a statement of the assessment and rate per cent levied by said city on the property of defendant, and the order is therefore void, unless such neglect or omission by the city authorities is cured by section 7731, *supra*.

By this section it is provided that, "in case the county court has failed or omitted, or may hereafter fail or omit, from any cause whatever, to levy the taxes or any portion of the taxes for any year or years, * * * then said court, at the time of making the regular levy upon railroad property as herein provided, shall, in addition thereto, ascertain and levy the taxes * * * which may have been or may hereafter be omitted."

It is argued by defendant that this statute presupposes an omission of duty on the part of the county court, and that there is no provision in it or any other statute which authorizes said court or any other body to take any action to correct an omission on the part of the city authorities.

It is quite clear that the failure by the county court to make an annual levy for city taxes was because of the neglect of the city authorities to certify to said court on or before the tenth day of May in each year, the assessment and rate per cent levied by it for munic-

ipal purposes, and not because of any failure on its
part to discharge the duties imposed by law upon that
body.   It must therefore follow that unless the city
had the power to make such certificates after the time
in which it is provided by statute they shall be made,
they were invalid, and the county court without author-
ity to make the levy for the different years set forth in
the order.

If the assessments and levy could be certified by
the city one year after made, they could for like reason
be certified at any time within which an action for the
taxes might be brought, which, in the absence of stat-
utory enactment authorizing it, we are not inclined to
hold can be done.   Our attention has not been called
to any statute authorizing this course, in the absence
of which the statute requiring the certificate to be made
must be regarded as mandatory, and if it is not made
within the time prescribed it will be of no force or
effect.   On or before the tenth day of May of each
year, does not mean any subsequent year, or any year
thereafter, but means the year in which such certificate
is required to be made.

Our conclusion is that the certificates, having been
made out of time, conferred on the county court no
authority to make said order.

We had occasion to pass upon section 7734,
Revised Statutes, in *State ex rel. v. Davis*, 131 Mo. 457,
and it was held that a compliance with said section
(which makes it the duty of the county clerk, as soon
as the back tax book is completed, to make out and
certify to the secretary or chief managing officer in this
state of the proper railroad company, a statement of
taxes levied on the property of such railroad company
in his county, including its total valuation, as shown
by the returns of local assessors, including, etc.), was
not a "condition precedent to the collection of taxes by

the proper collector, or the institution of suit therefor by the proper authority, and is only directory, being for the convenience and information of the officers of railroad companies. The right to collect the taxes, as provided by law, in no way depends upon its provisions, and a noncompliance with them is no legal excuse or justification for the nonpayment of taxes by railroad companies."

We have no reason to depart from that ruling, and are satisfied that it is the proper construction to be placed upon that section.

By section 7733, Revised Statutes, the clerk of the county court is required, within ten days after the county court shall have levied the taxes on railroad property, to extend the same on a separate tax book, to be known as the "railroad tax book," in which he shall place a description of each tract of land, town lot, or other real estate, etc.

While it is not expressly decided, it is plainly intimated in *State ex rel. v. Railroad*, 117 Mo. 1, that the extension of these taxes on a book to be known as the "railroad back tax book," is a prerequisite to their collection.

The evidence showed that what is called in this case the "railroad tax book," was a large sheet of paper, ruled for the purpose of making statements to railroads, etc., of their taxes for each year, upon which the taxes were extended. It was folded up so that it made a fold about nine inches long and four inches wide, and was indorsed "railroad tax book," "back taxes of Peirce City for 1884, 1885, 1886, 1887, 1888, and 1889." It was in this condition when received by the collector, who "pigeon-holed it," and never saw it but once afterward.

It is very evident that the sheet of paper called a back tax book is not the kind of book contemplated by

statute, nor as generally understood by the use of that word. The taxes were not extended on a separate tax book, known as the "railroad tax book," which should have been done. The judgment is reversed. GANTT, P. J., and SHERWOOD, J., concur.