## SEIBERT v. LEWIS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF MISSOURI.

Argued May 10, 11, 1887. — Decided May 27, 1887.

It being the settled doctrine of this court that "the remedy subsisting in
a state when and where a contract is made and is to be performed is a
part of its obligation, and" that "any subsequent law of the state
which so affects that remedy as substantially to impair and lessen the
value of the contract is forbidden by the Constitution, and is therefore
void;" and the legislature of Missouri having, by the act of March 23,
1868, to facilitate the construction of railroads, enacted that the county
court should from time to time levy and cause to be collected, in the
same manner as county taxes, a special tax in order to pay the interest
and principal of any bond which might be issued by a municipal corpo-
ration in the state on account of a subscription, authorized by the act, to
the stock of a railroad company, which tax should be levied on all the
real estate within the township making the subscription, in accordance
with the valuation then last made by the county assessors for county
purposes, *Held:*

(1) That it was a material part of this contract that such creditor should
    always have the right to a special tax to be levied and collected
    in the same manner as county taxes at the same time might be
    levied and collected;

(2) That the provisions contained in §§ 6798, 6799, and 6800 of the Re-
    vised Statutes of Missouri of 1879 respecting the assessment and
    collection of such taxes are not a legal equivalent for the pro-
    visions contained in the act of 1868; and

(3) That the law of 1868, although repealed by the legislature of Mis-
    souri, is still in force for the purpose of levying and collecting
    the tax necessary for the payment of a judgment recovered against
    a municipal corporation in the state, upon a debt incurred by
    subscribing to the stock of a railroad company in accordance
    with its provisions.

THIS was a proceeding by mandamus in the Circuit Court
of the United States for the Eastern District of Missouri. The
alternative writ recited that in 1883 a peremptory writ of
mandamus was issued by the court, commanding the county
court of Cape Girardeau County and the judges thereof to
make a levy on all the real estate and personal property in

Cape Girardeau township subject to taxation, including statements of merchants and manufacturers doing business in said township, and that thereupon the county court, in obedience to the command of said writ, on the 23d day of May, 1883, during a regular term of said county court, made an order on their records, whereby it was ordered that, for the purpose of of paying the judgments of Elisha Foote, the Ninth National Bank of New York, John T. Hill, Valentine Winter, and George W. Harshman, amounting to $14,288.20, and interest and costs, a tax of two per cent be levied on all the real estate and personal property in Cape Girardeau township subject to taxation, including statements of merchants and manufacturers doing business in said township, and the clerk of the county court was ordered to extend said tax in a separate column on the tax book of said county for the year 1883. That, in obedience to said order, the special tax ordered to be levied as aforesaid was, by the clerk of said court, entered upon and extended in a separate column of the regular tax book of Cape Girardeau County for the year 1883; and, upon the completion of said tax book, the same was delivered in the time and in the manner required by law for the year 1883 to James M. Seibert, collector, who was then and there the collector of taxes, duly elected and qualified as such, and acting therein for the year 1883; and the said collector was then and there ordered by the county court to proceed and collect the said special tax in the same manner as other taxes, state and county, were authorized to be collected for the said year 1883 in said county; and that after the receipt of the said tax book, the said collector, claiming to be prevented from proceeding in the collection of said tax by an injunction issued by the judge of the Tenth Judicial Circuit of the state of Missouri, upon a petition therefor, filed in the name of the state of Missouri upon the relation of the prosecuting attorney of that county, announced his determination to abstain from all efforts to demand, sue for, or collect any part of said special tax, and refused to proceed farther therein.

The return of the respondent, Seibert, to the alternative writ admitted the facts therein stated, and set out at length

the petition for injunction referred to therein, filed on the 29th of December, 1883. The petition, filed in the name of the state of Missouri by the prosecuting attorney of the county, prayed for an injunction against the collection of the tax, on the ground that it was not a state tax, nor a tax necessary to pay the funded or bonded indebtedness of the state, nor a tax for current county expenses or schools, or either, and "that said county court, before making the levy and order as aforesaid, did not make or cause to be made an application to the circuit court of said county, nor to the judge thereof, in vacation, for an order to have assessed, levied, and collected said two per cent tax, nor was any such order in fact made by such court or the judge thereof, in vacation. That, on the contrary, said county court, in violation of the statutes in such cases made and provided and in usurpation of their power, have assessed and levied, and are now trying to have collected, said two per cent tax at its assessed valuation of all the taxable property of said township, without said permission or order of said court, in violation of their duties and without authority of law."

And further, that the levy of the two per cent tax was made for the purpose of paying off a portion of a bonded debt contracted in behalf of Cape Girardeau township by virtue of the act of the General Assembly of the state of Missouri, approved March 23, 1868, [see *post*, page 290,] in aid of railroads, and was in violation of that act because levied on the personal property within said township as well as on the real estate therein.

The return further set out that the injunction as prayed for was granted, and the respondent said that, in obedience to the said writ of injunction, he had ceased to collect or to endeavor to collect said special tax, the said injunction being still in force.

The respondent in his return further stated, "that he is ready and willing to do and perform every duty devolved upon him as collector as aforesaid, so far as he legally may, but submits whether he ought to be required to collect the said special tax so as aforesaid levied by the said county court

of Cape Girardeau County, because, as he is informed by counsel, the same was not levied in the mode and manner required by the laws of the state of Missouri, as set forth in §§ 6798 and 6799 of the Revised statutes, [see *post,* page 292,] concerning the assessment and collection of the revenue, and it is made a criminal offence, punishable by fine of not less than five hundred dollars and forfeiture of office, for any officer in the state of Missouri to collect or attempt to collect any tax or taxes other than those specified and enumerated in § 6798 of the Revised Statutes of Missouri without being ordered so to do by the circuit court of the county, or the judge thereof in vacation, in the manner provided and directed in § 6799 of said Revised Statutes. And respondent submits that the said special tax is not a tax specified and enumerated in § 6798 of the Revised Statutes of Missouri, and that no order was made by the circuit court of Cape Girardeau County directing the said county court to have assessed, levied, and collected such special tax as required by § 6799 of the Revised Statutes of Missouri, and that he is informed by counsel that the said levy of such special tax so as aforesaid made by said county court is illegal and void, and that respondent cannot collect or attempt to collect the same without violating the criminal laws of the state of Missouri."

To this return, the relator demurred generally. The demurrer was sustained, and a peremptory writ ordered to issue, and thereupon the respondent sued out the present writ of error.

*Mr. D. A. McKnight* for plaintiff in error.

The return sets out facts sufficient to constitute a return, because it shows that the respondent was proceeding in good faith under the order of the county court to collect the tax, when he was advised that said proceeding was illegal under the statute of Missouri, and this information was enforced by the issue of an injunction from a court of competent jurisdiction.

His primary defence. therefore, is that the writ of manda-

mus has commanded him to do an illegal act, and this is sufficient in law. *State* v. *Perrine*, 34 N. J. Law (5 Vroom), 254; *Johnson* v. *Lucas*, 11 Humph. 306; *Knox County* v. *Aspinwall*, 24 How. 376.

The purpose of the provisions of the statutes of Missouri is to protect the people of the state from the imposition of unjust and illegal taxes by the county courts, which are not judicial tribunals. Those statutes are constitutional, and they were binding upon the county court and the plaintiff in error.

*State* v. *Hannibal & St. Joseph Railroad*, 87 Missouri, 236; *State* v. *Seibert* (a certified copy of which is herewith filed).

The Federal courts will lean towards an agreement with the decisions of the state courts in the matter of the construction of their statutes. *Burgess* v. *Seligman*, 107 U. S. 20, 33; *Anderson* v. *Santa Anna*, 116 U. S. 356; *Norton* v. *Shelby County*, 118 U. S. 425. Where this court has ignored certain preliminary requirements of the statutes of a state, in the matter of levying and collecting taxes, it has been where they were non-essentials, and not (as in this case) where they were commanded under penalty of criminal punishment. *Hawley* v. *Fairbanks*, 108 U. S. 543; *Labette County* v. *Moulton*, 112 U. S. 217.

In directing the plaintiff in error by this writ of mandamus to do an unlawful act, expressly forbidden, the Circuit Court exceeded its jurisdiction. *Knox County* v. *Aspinwall*, 24 How. 376; *Supervisors* v. *United States*, 18 Wall. 71; *Barkley* v. *Levee Commissioners*, 93 U. S. 258; *United States* v. *Clark County*, 95 U. S. 769; *Memphis* v. *United States*, 97 U. S. 293; *United States* v. *Macon County*, 99 U. S. 582; *Meriwether* v. *Garrett*, 102 U. S. 472; *Ex parte Rowland*, 104 U. S. 604. The writ of the Circuit Court, directing the plaintiff in error to collect the tax illegally levied under the statute, was in effect a levy and collection by the Circuit Court, and was, therefore, beyond its power. *Rees* v. *Watertown*, 19 Wall. 107; *Heine* v. *Levee Commissioners*, 19 Wall. 655; *Meriwether* v. *Garrett*, 102 U. S. 472; *People* v. *Chicago & Alton Railroad*, 55 Ill. 96; *Williams* v. *County Commis-*

*sioners*, 35 Maine, 345. A writ of mandamus cannot compel a levy in any other time or manner than that provided by law. *Supervisors* v. *Klein*, 51 Mississippi, 807; *People* v. *Westford*, 53 Barb. 555.

In this case, by the enactment in the Revision of 1879 of the provisions cited, there was no impairment of the obligation of the contract entered into when the bonds were issued, as will appear from a comparison of said sections with § 2, act approved March 23, 1868. When this court has held the legislative action of a state, enacted subsequently to the issue of the bonds, to be void, it has been in cases where the new law substantially prevented the satisfaction of the judgment. *Board of Liquidation* v. *McComb*, 92 U. S. 531; *Cass County* v. *Johnston*, 95 U. S. 360; *Murray* v. *Charleston*, 96 U. S. 432; *Memphis* v. *United States*, 97 U. S. 293; *United States* v. *Mayor*, 103 U. S. 358; *Ralls County* v. *United States*, 105 U. S. 733; *Louisiana* v. *Jumel*, 107 U. S. 711; *Louisiana* v. *Police Jury*, 116 U. S. 131; but here a substantial equivalent for the original manner of levying the tax has been furnished, by which the judgment may be fully satisfied, and hence the obligation of the contract is unimpaired. *Ralls County* v. *United States*, 105 U. S. 733; *Wolff* v. *New Orleans*, 103 U. S. 358; *Antoni* v. *Greenhow*, 107 U. S. 769; *Port of Mobile* v. *Watson*, 116 U. S. 289; *United States* v. *Mobile*, 12 Fed. Rep. 768; *Curtis* v. *Whitney*, 13 Wall. 68.

The new method of levying the tax, prescribed in the Revised Statutes of 1879, was simple and efficacious, and the Circuit Court's writ of mandamus to the county court was a perfect means of setting the machinery in motion. *The State* v. *Rainey*, 74 Missouri, 229. This court has recognized the right of the state of Missouri to amend the act of 1868, under which these bonds were issued, in matters within its discretion. *Cape Girardeau* v. *United States*, 118 U. S. 68. It is within the discretion of the legislature of a state to change the form of levying and collecting taxes, and of this the bondholders cannot complain. *Von Hoffman* v. *Quincy*, 4 Wall. 535.

The states have the right to determine the manner of as-

sessing and levying taxes, and the decisions of their courts on these questions is binding on the Federal courts. *Bailey* v. *Magwire*, 22 Wall. 215. In this case the validity of the judgment on these bonds, and the obligation of the mandamus to the county court, are not denied. But the collector, an officer of the state, has, at the suit of the state, been enjoined from violating a positive law of the state, and the injunction has been sustained by its Supreme Court. In the cases below, and other cases, the injunction, which this court has said could not be set up as a defence against a writ of mandamus from a Federal court, was issued at the suit of the defaulting debtor. *Riggs* v. *Johnson County*, 6 Wall. 166; *The Mayor* v. *Lord*, 9 Wall. 409; *Supervisors* v. *Durant*, 9 Wall. 415; *Hawley* v. *Fairbanks*, 108 U. S. 543, 546.

*Mr. J. B. Henderson* and *Mr. James M. Lewis* for defendant in error.

MR. JUSTICE MATTHEWS, after stating the case as above reported, delivered the opinion of the court.

It is conceded that the relator's judgment, which he is now seeking to collect, was founded upon municipal obligations of Cape Girardeau County, issued under the authority of an act to facilitate the construction of railroads in the state of Missouri, which took effect March 23, 1868. Missouri Laws of 1868, p. 92. The second section of that act is as follows :

"SEC. 2. In order to meet the payments on account of the subscription to the stock, according to its terms, or to pay the interest and principal on any bond which may be issued on account of such subscription, the county court shall, from time to time, levy and cause to be collected, in the same manner as county taxes, a special tax, which shall be levied on all the real estate lying within the township making the subscription in accordance with the valuation then last made by the county assessor for county purposes."

It will be observed that the tax authorized by this section of the statute of 1868, under which the bonds were issued, is to

be levied on the real estate within the township only, and not upon the personal property, including statements of merchants and manufacturers doing business in the township. But this levy upon personal property and merchants' licenses, in addition to real estate, is authorized by an amendment passed March 10, 1871. 1 Wagner's Statutes, 1872, 313, § 52. As thus amended, the section reads as follows :

" In order to meet the payments on account of the subscription to the stock according to its terms, or to pay the interest and principal on any bond which may be issued on account of such subscription, the county court shall, from time to time, levy and cause to be collected in the same manner as county taxes, a special tax, which shall be levied on all the real estate and personal property, including all statements of merchants doing business within said . . . township, . . . lying and being within the township making the subscription, in accordance with the valuation then last made by the county assessor for county purposes," &c.

That the relator was entitled to a tax levied in pursuance of this amended section, his judgment having been obtained while it was in force, was adjudged in his favor by the Circuit Court when he obtained his peremptory mandamus against the judges of the county court, requiring them to levy the tax, the collection of which he is now seeking to enforce by the present proceeding. The question was also directly adjudged in his favor by this court in the case of *Cape Girardeau County Court* v. *Hill*, 118 U. S. 68. In that case it was said: " The township having legally incurred an obligation to pay the bonds in question, it was competent for the legislature at any time to make provision for its being met by taxation upon any kind of property within the township that was subject to taxation for public purposes."

Having obtained his judgment while that act remained in force, and having obtained by the judgment of the Circuit Court an actual levy of a tax according to its provisions, his right thereto became thereby vested so as not to be affected by a subsequent repeal of the statute. But on March 8, 1879, the General Assembly of the state of Missouri passed an act,

found in §§ 6798, 6799, and 6800 of the Revised Statutes of Missouri of 1879, which read as follows:

"SEC. 6798. *Taxes, how assessed, levied, and collected.* — The following-named taxes shall hereafter be assessed, levied, and collected in the several counties in this state, and only in the manner and not to exceed the rates prescribed by the con·stitution and laws of this state, viz. : the state tax and the tax necessary to pay the funded or bonded debt of the state, the tax for current county expenditures, and for schools.

"SEC. 6799. *Procedure, limitations, and conditions.* — No other tax for any purpose shall be assessed, levied, or collected, except under the following limitations and conditions, viz. : The prosecuting attorney or county attorney of any county — upon the request of the county court of such county, which request shall be of record with the proceedings of said court, and such court being first satisfied that there exists a necessity for the assessment, levy, and collection of other taxes than those enumerated and specified in the preceding section — shall present a petition to the circuit court of his county, or to the judge thereof in vacation, setting forth the facts and specifying the reasons why such other tax or taxes should be assessed, levied, and collected ; and such circuit court, or judge thereof, upon being satisfied of the necessity for such other tax or taxes, and that the assessment, levy, and collection thereof will not be in conflict with the constitution and laws of this state, shall make an order directed to the county court of such county, commanding such court to have assessed, levied, and collected such other tax or taxes, and shall enforce such order by mandamus or otherwise.

"SEC. 6800. *Assessment, levy, and collection not to be made except as provided.* — Any county court judge, or other county officer in this state, who shall assess, levy, or collect, or who shall attempt to assess, levy, or collect, or cause to be assessed, levied, or collected, any tax or taxes other than those specified and enumerated in section six thousand seven hundred and ninety-eight, without being first ordered so to do by the Circuit Court of the county or the judge thereof, in the express manner provided and directed in section six thousand seven

hundred and ninety-nine, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punished by fine not less than five hundred dollars, and, in addition to such punishment, his office shall become vacant; and the method herein provided for the assessment, levy, and collection of any tax or taxes not enumerated and specified in section six thousand seven hundred and ninety-eight, shall be the only method known to the law whereby such tax or taxes may be assessed or collected, or ordered to be assessed, levied, or collected."

By these provisions, it appears that the state tax and the tax necessary to pay the funded or bonded debt of the state, the tax for the current county expenditures, and for schools, are to be assessed, levied, and collected in the several counties of the state as a matter of positive duty by the county courts of the several counties, according to their previous practice, without the intervention of any other authority. All other taxes, which include the tax sought to be collected in this proceeding, can be assessed, levied, and collected only under the limitations and conditions therein prescribed; that is to say, the county court being first satisfied that there exists a necessity for the assessment, levy, and collection of such other tax, shall request the prosecuting attorney for the county to present a petition to the circuit court of the county, or to the judge thereof in vacation, setting forth the facts, and specifying the reasons why such other tax or taxes should be assessed, levied, and collected. In pursuance of that request the prosecuting attorney is required to present such a petition, and the circuit court, or judge thereof, to whom such petition is presented, shall make an order directed to the county court of such county, commanding such court to have assessed, levied, and collected such tax, "upon being satisfied of the necessity for such other tax or taxes, and that the assessment, levy, and collection thereof will not be in conflict with the constitution and laws of this state." Section 6800 provides, that any county court judge, or other county officer, who shall assess, levy, or collect, or attempt so to do, or cause to be assessed, levied, or collected, any tax, without being first ordered so to do by the circuit court of the county, in the express manner pro-

vided and directed in the preceding section shall be guilty of a misdemeanor, to be punished on conviction by a fine of not less than $500 and a forfeiture of his office; and it is therein declared that "the method herein provided for the assessment, levy, and collection of any tax or taxes not enumerated and specified in § 6798, shall be the only method known to the law whereby such tax or taxes may be assessed or collected, or ordered to be assessed, levied, or collected."

It is because of these provisions of the law that the respondent herein, as he sets out in his return, has been restrained by an injunction from the circuit court of Cape Girardeau County from further proceeding in the collection of the tax heretofore levied by the county court by virtue of a writ of mandamus from the Circuit Court of the United States.

The question presented for our determination is, whether, by virtue of this statute of the state, he is justified in his disobedience to the judgment and mandate of the Circuit Court of the United States. It is well settled by the decisions of this court that "the remedy subsisting in a state, when and where the contract is made and is to be performed, is a part of its obligation, and any subsequent law of the state which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is therefore void." *Edwards* v. *Kearzey*, 96 U. S. 595, 607.

It had been previously said upon a review of the decisions of the court, in *Von Hoffman* v. *City of Quincy*, 4 Wall. 535, 553: "It is competent for the states to change the form of the remedy, or to modify it otherwise as they may see fit, provided no substantial right secured by the contract is thereby impaired. No attempt has been made to fix definitely the line between alterations of the remedy which are to be deemed legitimate and those which, under the form of modifying the remedy, impair substantial rights. Every case must be determined upon its own circumstances. Whenever the result last mentioned is produced the act is within the prohibition of the Constitution, and to that extent void."

In *Bronson* v. *Kinzie*, 1 How. 311, 317, Chief Justice Taney said: "It is difficult, perhaps, to draw a line that would be

applicable in all cases between legitimate alterations of the
remedy and provisions which, in the form of remedy, impair
the right. But it is manifest that the obligation of the con-
tract, and the rights of a party under it, may, in effect, be de-
stroyed by denying a remedy altogether; or may be seriously
impaired by burdening the proceedings with new conditions
and restrictions, so as to make the remedy hardly worth
pursuing."

In *Louisiana* v. *New Orleans*, 102 U. S. 203, 206, Mr. Jus-
tice Field, in the opinion of the court, said: " The obligation
of a contract, in the constitutional sense, is the means provided
by law by which it can be enforced — by which the parties
can be obliged to perform it. Whatever legislation lessens
the efficacy of these means impairs the obligation. If it tend
to postpone or retard the enforcement of the contract, the
obligation of the latter is to that extent weakened."

In various forms, but with the same meaning, this rule has
been often repeated in subsequent decisions by this court. It
is, therefore, not denied in argument in the present case that
§ 2 of the act of March 23, 1868, under which the municipal
obligations of the relator which had passed into judgment
were issued, constitutes a part of the contract to the benefit of
which he is entitled. That section, it will be remembered,
provides that to pay the interest and principal on any bond
which may be issued under the authority thereof, " the county
court shall from time to time levy and cause to be collected,
in the same manner as county taxes, a special tax," &c.

The precise question, therefore, for present adjudication is,
whether the provisions for levying and collecting such a tax,
contained in the sections of the Revised Statutes above quoted,
are, in view of the doctrine of this court on that subject, a legal
equivalent for the provision contained in the act of March 23,
1868. The affirmative of that proposition is contended for by
the plaintiff in error. The argument in support of that position
is, that the machinery provided for the collection of such a tax
in § 6799 is purely formal; that it does not touch the sub-
stance of the right to have the tax levied and collected, nor
does it embarrass and impede it by any unreasonable hindrance

or delay.   It is said that, according to its terms, under a judgment upon such municipal bonds and coupons in a Circuit Court of the United States, it would be the duty of the county court to enter of record that it was satisfied of the existence of the necessity for the levy and collection of such a tax, and thereupon to request the prosecuting attorney to file his petition to the circuit court of the county to obtain the proper order therefor; that it would then be the duty of the prosecuting attorney to file such a petition, and that the circuit court, or a judge thereof, on the production of the judgment required to be paid, would be satisfied of the necessity for such tax, and that the assessment, levy, and collection thereof would not be in conflict with the constitution and laws of the state, even although he might be of the opinion that the bonds themselves were not valid according to the laws of the state; and that, accordingly, the order would be made and directed to the county court, commanding that court to have assessed, levied, and collected the tax, the necessity for the collection of which they had already declared upon their own records.

The point of the argument pressed upon us seems to be, that the judgment of the Circuit Court of the United States upon the bonds and coupons would necessarily be conclusive, in the opinion of the county court and of the prosecuting attorney and of the circuit court of the county, upon all matters of law and of fact which otherwise, by this section of the statute, would be committed to the exercise of their judicial discretion. And that, consequently, everything to be done by them under the provisions of that section would thereby become merely ministerial, so that, in case of their refusal to act, they would be ubject, at the suit of the judgment creditor, to a proceeding by mandamus to compel them to proceed in the assessment, levy, and collection of the tax to which he was entitled.

But the contract which the relator is entitled to insist upon under the act of March 23, 1868, is, that he shall have a special tax for the payment of the principal and interest due him, to be levied from time to time "in the same manner as county taxes."   It may be admitted that the legislature, from time to time, notwithstanding this provision, might by subsequent

legislation change the mode and the means for the assessment, levy, and collection of county taxes, as in its judgment the public interests should require. Any such changes, made in view of public interests, not substantially to the prejudice of public creditors, might be considered, in respect to them, as the legal equivalent for the particular mode in force in 1868, and a fair and reasonable substitute therefor. Ordinarily, it would be true that such altered provisions would not be injurious to any private rights, for the creditor would at all times have the guaranty of as prompt and speedy a collection of a tax in satisfaction of his claim as is secured by law for the collection of the revenues of the county, most important for the support of its government.

It may, therefore, be considered as a most material and important part of the contract contained in the second section of the act of March 23, 1868, not, perhaps, that the creditor shall always have a right to have taxes for his benefit collected in the same manner in which county taxes were collectible at that date, but that he shall at least always have the right to a special tax to be levied and collected in the same manner as county taxes at the same time may be levied and collected. In other words, the essential part and value of the contract is, that he shall always have a special tax to be collected in a manner as prompt and efficacious as that which shall at the time, when he applies for it, be provided by law for the collection of the general revenue of the county. His contract is not only that he shall have as good a remedy as that provided by the terms of the contract when made, but that his remedy shall be by means of a tax, in reference to which the levy and collection shall be as efficacious as the state provides for the benefit of its counties, without any discrimination against him.

It is in this vital point that the obligation of the contract with the relator has been impaired by the section of the law under which the respondent seeks to justify his disobedience of the mandate of the Circuit Court. Those sections provide one mode for the collection of county taxes by the direct action of the county court; they provide another mode for

the collection of the special tax for the payment of obligations such as those held by the relator and merged in his judgment. They expressly declare that he shall not be entitled to a tax collected in the same manner as county taxes, but add limitations and conditions which, whatever may have been the legislative motive, compared with the original remedy provided by the law for the satisfaction of his contract, cannot fail seriously to embarrass, hinder, and delay him in the collection of his debt, and which make an express and injurious discrimination against him.

We are referred by counsel for the plaintiff in error to the case of *Hawley* v. *Fairbanks*, 108 U. S. 543, as an authority in support of his contention. In that case, however, a peremptory mandamus was awarded to compel the levy and collection of a tax for the payment of a judgment of the Circuit Court of the United States, notwithstanding an injunction to the contrary issued out of the state court. And it was there held that the judgment of the Circuit Court of the United States against the municipality was a sufficient warrant and authority to the county clerk to make the assessment of a tax for its payment, notwithstanding the omission of the preliminary certificates of the town clerk and the allowance by the board of auditors of the town, which in other cases the law made necessary to the orderly levy and collection of the tax.

We have also been furnished with the opinion of the Supreme Court of the State of Missouri, in the case of *State ex rel. Cramer* v. *Judges of the County Court of Cape Girardeau County*, 8 Western Reporter, 626, delivered March 21, 1887, affirming the judgment of the circuit court of Cape Girardeau County, perpetuating the injunction set up in the return of the respondent in this case as an answer to the alternative mandamus. The judge delivering the opinion of the court says: "It has been ruled by this court that taxes of the nature now in question can only be levied and collected in the manner provided in said section (§ 6799), and that unless the methods prescribed are pursued, the failure to pursue them, when, as here, they are the conditions essential to the exercise of the power, will render the tax invalid. *State* v. *Hannibal & St. Joseph*

*Railroad*, 87 Missouri, 236. Here, those methods, those conditions precedent, were not followed; and hence the county court, having no inherent power to levy a tax, and deriving its only authority from the state, must of necessity pursue the course in this regard marked out by the sovereign authority — by its laws." The court further proceeds to say that the matter is not affected by the mandate of the Federal court, in reference to which the opinion proceeds as follows: " If, as already seen, the county court was powerless to act, except when acting in conformity to express statutory conditions, it was still the duty of the judges to comply with those conditions while yielding obedience to the mandate aforesaid; for, outside of those statutory conditions, they were utterly powerless to act. Indeed, under § 6800, they were punishable for a misdemeanor in failing to comply with the provisions of § 6799 before levying the tax. It does not stand to reason that their act could be valid, and at the same time punishable as a crime. *State* v. *Garroute*, 67 Missouri, 445, 456. If the statutory provisions being discussed were of such a nature as to cut off those who obtained the judgments from enforcing the obligations held by them, then the authorities cited on their behalf might apply. I understand that it is within the power of the state to change the remedy, so long as it does not essentially affect the right embodied in the contract; and that such change, thus made, does not infract the rule that forbids the contract to be impaired."

The opinion assumes that the remedy for the collection of the tax provided by the sections of the Revised Statutes of Missouri referred to is legally equivalent to that contained in § 2 of the act of March 23, 1868, the differences between them not appearing to have been considered. It also assumes, for that reason, that those provisions of the Revised Statutes are the only laws in force for the collection of such a tax — those in force in 1871, when the judgment of the Circuit Court was rendered, having been repealed.

For the reasons which we have pointed out, we are unable to concur in the judgment of the Supreme Court of Missouri, and are constrained to hold that the sections of the Revised Statutes in question impair the obligation of the contract with

the relator under the act of March 23, 1868, and as to him are, therefore, null and void by force of the Constitution of the United States; and that the laws of Missouri, for the collection of the tax necessary to pay his judgment, in force at the time when it was rendered, continue to be and are still in force for that purpose. They are the laws of the state which are applicable to his case. When he seeks and obtains the writ of mandamus from the Circuit Court of the United States, for the purpose of levying a tax for the payment of the judgment which it has rendered in his favor, he asks and obtains only the enforcement of the laws of Missouri under which his rights became vested, and which are preserved for his benefit by the Constitution of the United States. The question, therefore, is not whether a tax shall be levied in Missouri without the authority of its law, but which of several of its laws are in force and govern the case. Our conclusion is, that the statutory provisions relied upon by the respondent in his return to the alternative writ of mandamus do not apply, and do not, therefore, afford the justification which he pleads.

*The judgment of the Circuit Court is accordingly affirmed.*