JOHN MILKINT *v.* JOHN O. MCNEELEY, *Clerk, etc., et al.*

(CC 474)

Submitted May ·2, 1933. Decided June 9, 1933.

*Alan G. Bolton,* for plaintiff.
*A. F. Suder,* and *D. E. Cuppett,* for defendants.

MAXWELL, PRESIDENT:

There is involved in this proceeding the constitutionality of section 1, chapter 17 of the Acts of the Extraordinary Session of the Legislature of 1932. The section reads:

> "The time within which real estate sold for the non-payment of taxes and purchased by individuals may be redeemed, and the time within which a deed may be procured therefor, as provided in section sixteen, article ten, chapter eleven of the code of West Virginia, for each of the years nineteen hundred and twenty-nine and nineteen hundred and thirty, shall be extended for a period of three years, from the time now fixed by statute, and, for the year nineteen hundred and thirty-one, shall be extended for a period of two years, from the time now fixed by statute."

John Milkint filed in the circuit court of Tucker County a petition, authorized by Code 1931, 11-10-19, alleging that on the 14th of December, 1931, he became the purchaser at a sheriff's sale of a certain parcel of real estate in the city of Thomas, delinquent in the name of Howard Rider, for the non-payment of taxes for the year 1930; that as such purchaser, the petitioner complied with all requirements of statute, Code 1931, 11-10-16, on his part to be performed, and was therefore entitled to a deed for said property from the county clerk of said county; that he demanded such deed after the expiration of one year subsequent to the said sale but the clerk refused to execute it. Petitioner prayed that the clerk be required to make, execute and deliver to him a deed for said property.

In an amended petition the petitioner further alleged that the county clerk refused to give the notice required by Code 1931, 11-10-16 (c), and prayed that the clerk be required to give such notice and to execute a deed if there should be no redemption.

The statute under which this proceeding is had was enacted prior to incorporating into section 16 the said sub-section (c). Whether the informal statutory procedure herein employed (Code 1931, 11-10-19), which refers only to the making of a deed and not to the giving of notice, may properly be invoked

for the purpose of enforcing the giving of notice as well as the executing of a deed need not be discussed here, because we do not understand that the point is relied upon. This procedural question, not important, was submerged in the consideration of the serious constitutional question involved. Thus say counsel for the respondent in their able brief: "The question, it would seem, directly before the appellate court is whether or not the Act of 1932 (Chapter 17) violates any of the provisions of the Constitution of West Virginia or the Constitution of the United States."

As the law stood at the time Milkint made said purchase and at the time of the passage of the said act of 1932, a former owner, his heirs, representatives or assigns might redeem property within one year from the date of tax delinquency sale.

The circuit court held that the above quoted section of the act of 1932 did not excuse the county clerk from proceeding in the discharge of the duties imposed upon him by Code 1931, 11-10-16. This was in effect a holding that section 1 of chapter 17, Acts of the Extraordinary Session of 1932, extending the period of redemption three years beyond the one-year period then allowed by statute, is unconstitutional, null and void in so far as it pertains to sales which had been made prior to the 1932 enactment.

In our judgment, the trial court's finding is plainly right.

It is organic law that state legislative enactments shall not impair the obligation of contracts. Constitution of the United States, Article I, section 10; Constitution of West Virginia, Article III, section 4.

So far as we have been able to ascertain, there is unanimity of authority that statutes purporting to extend the period of redemption of property sold as delinquent for non-payment of taxes, are unconstitutional and void as to sales which had been made at the time of the new enactment. The basis of such holdings is that they violate the obligation of contracts.

The status of purchasers at tax sales must be determined with respect to the law as it existed at the time of the sale. Such law constitutes a contract between the state and the purchaser, and such contract cannot be impaired by subsequent legislation. 61 Corpus Juris, p. 1293. Other standard texts recognizing and declaring this basic rule of law are as follows:

II Lewis' Sutherland Statutory Construction (2d Ed.), p. 1208; I Cooley's Constitutional Limitations (8th Ed.), p. 595; 26 Ruling Case Law, p. 434; IV Cooley on Taxation (4th Ed.), sec. 1561; II Blackwell on Tax Titles, sec. 714. Some cases in point are *Solis* v. *Williams* (Mass.), 91 N. E. 148; *Hull* v. *Rollins*, (Fla.), 11 So. 97, 16 L. R. A. 308; *Smith* v. *Spillman*, (Ark.), 205 S. W. 107, 1 A. L. R. 136, and note (numberous cases cited).

A purchaser at a tax sale accepts the state's offer which is found in the statutes then in force. On that basis, the purchaser pays his money. The state may not thereafter impose on him more onerous conditions. *Teralta Land etc. Co.* v. *Shaffer*, (Cal.) 48 P. 613, 58 A. S. R. 194.

In support of the constitutionality of section 1 of chapter 17, Acts of the Extraordinary Session of the Legislature 1932, it is argued that, under the police power of the state, the legislature was warranted in making the said enactment because of the unusual stress which has been brought about by the serious economic conditions now obtaining and which have existed with more or less intensity for three years. It is said that this legislation is for the purpose of saving homes and farms and other properties to the owners who are now unable to redeem them from tax delinquency sales. It is said that where great exigencies exist the police power must be deemed adequate to cope therewith. Recourse is had to the great maxim, *Salus populi lex suprema est.* It is urged not only that the safety and welfare of the people is the supreme law, but that the police power of the state is the law of necessity and may be invoked in emergencies where the basic welfare of the people is endangered.

We recognize the extensive and indefinable scope of the police power of a sovereign state. That it may be invoked for the welfare of the people in emergencies may not be gainsaid, but it is not without limitation. It must be exercised within constitutional limits and may not be employed to justify disregard of constitutional inhibitions.

The law is stated thus in *State* v. *Goodwill*, 33 W. Va. 179, 185, 10 S. E. 285, 287: "But this power (police power), however broad and extensive, is not above the constitution, which is the supreme law; and, so far as it imposes restraints,

the police power must be exercised in subordination to it.'' In *Eubank* v. *City of Richmond*, 226 U. S. 137, 143, the Supreme Court of the United States says of the police power: ''But necessarily it has its limits and must stop when it encounters the prohibitions of the constitution.'' In *Dobbins* v. *City of Los Angeles*, 195 U. S. 223, 237, the Supreme Court said: ''But as the constitution of the United States is the supreme law of the land, anything in the constitution or statutes of the state to the contrary nothwithstanding, a statute of a state, even when avowedly enacted in the exercise of its police powers, must yield to that law.'' In *Mugler* v. *Kansas*, 123 U. S. 623, 663, and *Chicago etc. Ry. Co.* v. *Grimwood*, 200 U. S. 561, 584, similar statements are found. In further recognition of this basic principle: *State* v. *Moore*, (N. C.), 10 S. E. 143, 17 A. S. R. 696; *Spann* v. *City of Dallas*, (Tex.) 235 S. W. 513; *State* v. *Froehlich*, (Wis.) 91 N. W. 115; II Cooley's Const. Limitations (8th Ed.), p. 1229; Black's Const. Law (2d Ed.), p. 366; 6 Ruling Case Law, p. 195.

Therefore, being of opinion that section 1, chapter 17, Acts Extraordinary Session of the Legislature 1932, is violative of section 10, Article I, Constitution of the United States, and section 4, Article III, Constitution of West Virginia, in so far as it pertains to sales for taxes delinquent for the years 1929 and 1930, made prior to the passage of said act, we affirm the order of the circuit court.

,                                                                                 *Affirmed.*