Roscoe Arbogast *v*. Mary E. Donahoe *et al.*

(No. 8621)

Submitted March 22, 1938. Decided April 5, 1938.

*W. K. Pritt,* for appellants.

Hatcher, Judge:

Certain lots owned by defendants were purchased by plaintiff at a sheriff's sale on December 14, 1931 for tax delinquencies of 1929 and 1930. Plaintiff bid in the same property at a like sale on December 12, 1932 for non-payment of 1931 taxes. He did not acquire a deed for either of his purchases, but he paid the taxes on the lots for 1932, 1933, 1934 and 1935. The sum of these purchases and payments is $839.37 (as found by the circuit court). He brought this suit to February Rules 1936, seeking a sale of the lots, upon the theory that he

was subrogated to the rights of the state. The circuit court decreed the relief sought.

The bill alleged that plaintiff applied for a deed (date not stated) to the county clerk, who refused to execute it. Plaintiff testified that according to his best information, he made timely application for the deed, but the clerk refused on the ground of "a change in the laws" making it questionable if the deed could be executed. Under Code 1931, 11-10-16, in effect at plaintiff's first purchase, he had the six months between December 14, 1932 and June 14, 1933 in which to apply to the clerk for a deed. The change in law mentioned by the clerk was evidently that made by Acts, Extra. Session 1932, Chapter 17, Section 1, passed August 23, 1932, which purported to post-pone for three years the period fixed by the Code of 1931, in which purchasers of tax titles in 1931 could apply for deeds.

The sale and purchase of the lots at the delinquent tax sale of 1931 constituted a contract between the state and the plaintiff. *Forqueran* v. *Donnally*, 7 W. Va. 114; *Milkint* v. *McNeeley*, 113 W. Va. 804, 806-7, 169 S. E. 790. The covenants of that contract were the provisions of concurrent statutes relating to such sale and purchase. Under the contract, plaintiff was entitled upon timely application to require a deed from the clerk, within the period fixed by Code 1931, plaintiff's right not being affected by the statutory redemption extension of 1932, passed subsequent to his purchase. *Milkint* v. *McNeeley, supra;* Annotation, 1 A. L. R. 143. Whether his non-action has lost him that right is a question not necessary to determine on this appeal and is not decided.

Plaintiff's second tax purchase of the lots was subsequent to the Act of 1932 and the subject thereto. The redemption period of that purchase was extended by the Act two years beyond that afforded by the Code of 1931. Plaintiff's right under the second purchase to apply for a deed was post-poned by the Act until December 12, 1935. By virtue of his potential right to the deed, he was lawfully entitled, in protection of the right, to pay

the ensuing taxes on the lots for 1932-3-4-5, and was not a volunteer as defendants contend. In passing we note that Acts, First Extra. Session 1933, Chapter 16, Section 8, passed June 3, 1933, changed the existent period of redemption to two years from the date of passage. But Acts, Second Extra. Session 1933, Chapter 46, Section 1, passed December 3, 1933, while not mentioning the Act of June 3rd, impliedly repealed it and restored the redemption extensions to the same periods prescribed by the Act of 1932.

Thus when plaintiff's bill was filed (February Rules 1936) he was clearly entitled to a deed for the lots, his right to the deed having matured December 12, 1935. Under the statute, that remedy was exclusive at the time, and being so, he had "no lien upon the land for the sum paid on the purchase nor for taxes subsequently paid by him." Cooley on Taxation (4th Ed.), sec. 1556. Had he compelled a deed from the clerk, provision being made therefor by Code, 11-10-19, he could have sold the lots himself and recouped his expenditures thereon. With so plain, prompt and complete a remedy at hand, he did not need the aid of a court of equity. Until his statutory remedy should have become unavailing, he would not be entitled to seek relief in equity. *Ritter Lumber Co.* v. *Lowe,* 75 W. Va. 714, 84 S. E. 566, L. R. A. 1916 E, 718; 21 C. J., Equity, sec. 19.

The decree is reversed and the cause remanded.

*Reversed and remanded.*