In re Eugene M. SIMMONS d/b/a Lakeview Angus Farm, Debtor.

Robert G. DURNAL, Trustee, Plaintiff,

v.

ROANOKE PRODUCTION CREDIT ASSOCIATION, Greenbrier Valley National Bank, Pendleton County Bank, and Jesse O. Guills, as Special Commissioner, Defendants.

Bankruptcy No. 90–21027.
Adv. No. 91–2030.

United States Bankruptcy Court,
N.D. West Virginia,
Elkins Division.

July 3, 1991.

Robert G. Durnal, Buckhannon, W.Va., Trustee.

James Martin Jr., Clarksburg, W.Va., for Roanoke Prod.

James Matish, Bridgeport, W.Va., for Pendleton County Bank.

Martin Saffer, Marlington, W.Va., for Greenbriar Valley Nat. Bank.

Michael Bray, Clarksburg, W.Va., for Eugene Simmons.

## MEMORANDUM OPINION AND ORDER

L. EDWARD FRIEND, II, Bankruptcy Judge.

This adversary proceeding was initiated by the Debtor, seeking to avoid certain security interests in the Debtor's property held by Roanoke Production Credit Association ("Roanoke"), Greenbrier Valley National Bank ("Greenbrier") and Pendleton County Bank ("Pendleton") (collectively referred to as "Defendants"), and seeking to direct Jesse O. Guills, as Special Commissioner, to pay over to the Debtor, the proceeds of certain of the Debtor's cattle which were sold pre-petition. Mr. Guills deposited the proceeds into an escrow account because there were competing claims to the funds. This case was initiated as a Chapter 11 proceeding on November 27, 1990, and was converted to a case under Chapter 7 of the Code after the filing of the Complaint in this adversary proceeding. On May 17, 1991, this Court entered an order substituting the Trustee as party-plaintiff in place of the Debtor.

Plaintiff alleges that Defendants' security interest in certain property of the estate is voidable under Section 544 of the Code because they failed to file financing statements to perfect said interests in the Office of the Secretary of State. The disputed

collateral consists of cattle and farming equipment. While it is undisputed that none of the Defendants filed financing statements with the Secretary of State, when the relevant security interests were granted to Defendants by the Debtor, the West Virginia Code required a creditor acquiring an interest in farm equipment and cattle to file financing statements only in the county of the debtor's residence in order to properly perfect its security interest in the collateral. The Debtor resides in Pocahontas County. The financing statements of Greenbrier and Roanoke and Pendleton were respectively filed with the Clerk of the County Commission of Pocahontas County, West Virginia, on February 18, 1986, February 13, 1987, and December 11, 1987. W.Va.Code § 46–9–403(2) provides that a filed financing statement is effective for a period of five years from the date of its filing. In July of 1989, W.Va. Code § 46–9–401 was amended to require financing statements to be filed in the Office of the Secretary of State in order to perfect a security interest in any collateral other than consumer goods, timber, mineral or fixtures.

The Debtor filed his bankruptcy petition on November 26, 1990. The Trustee now asserts that, absent a savings clause in W.Va.Code § 46–9–401 as amended, the 1989 change to the West Virginia Code renders security interests in farm equipment and products, which had previously been properly perfected by the filing of financing statements in the county of the Debtor's residence, subject to avoidance by the Trustee.

 The Trustee's argument in unpersuasive. The creation of a security interest gives a creditor a valuable property right. It would be both inequitable and a violation of due process to strip a creditor of such a vested right by a change in legislation during the period in which a creditor had relied on and properly complied with a previously existing statute to establish such interest. Furthermore, it is generally accepted under West Virginia law that a newly-enacted statute will be presumed to operate prospectively, rather than retroactively, unless the legislative intent to apply retroactive effect to the statute is clearly indicated by the strong and imperative language of the statute or otherwise by necessary implication. W.Va.Code § 2–2–10(bb); *State v. Bannister*, 162 W.Va. 447, 250 S.E.2d 53 (1978); *Shanholtz v. Monongahela Power Co.*, 165 W.Va. 305, 270 S.E.2d 178 (1980). Since there is no language or necessary implication that the 1989 version of W.Va. Code § 46–9–401 was intended by the legislature to operate retroactively, the Court does not find that the mere absence of a savings clause would necessitate such an interpretation.

Furthermore, Defendants have cited cases decided by both the Fourth Circuit Court of Appeals and the West Virginia Supreme Court which support the position that the 1989 version of W.Va.Code § 46–9–401 can only be interpreted to operate prospectively. In *Farish v. Courion Indus., Inc.*, 754 F.2d 1111, 1114–15 (4th Cir. 1985), the Fourth Circuit, applying Virginia law, held that a statute could not be applied retroactively to create additional obligations or to disturb substantive or vested rights. Earlier, in *LeSage v. Switzer*, 116 W.Va. 657, 182 S.E. 797 (1935), the Supreme Court of Appeals of West Virginia held that a newly enacted statute which limited the lien created by a valid deed of trust to twenty years would not be applied retroactively so as to abrogate the interests acquired by those creditors holding valid deeds of trust prior to its passage. The Court stated:

The law, as it was then, entered into the proposal of plaintiffs to borrow the money as well as into the acceptance thereof by the creditor. The minds of the parties met under that law. It became a component of the contract. The creditor is entitled to have the contract enforced according to the law of the contract. This is a fundamental rule of common law and is recognized in West Virginia as well as by the federal authorities.

166 W.Va. at 660, 182 S.E. 797.

 This Court finds that the holding in *Farish* and the analysis of *LeSage* are directly applicable to the case at hand. Ap-

plying the newly enacted § 46–9–401 retroactively would violate Article I, Section 10 of the United States Constitution, which forbids the passage of any law which impairs the obligation of contract. The Trustee argues that the 1989 amendment does not impair the obligation of contract because it only affects the rights of third parties such as the Trustee in bankruptcy as against the creditor and not the rights of the contracting parties against each other. This argument must, however, be rejected. As the language in *LeSage* illustrates, the law in effect at the time the parties reached their agreement became a component of their contract. Furthermore, the avoidance powers of the Bankruptcy Code only allow a trustee to avoid interests which were otherwise ineffective against third parties under state law. A trustee cannot assert a status any greater than that which a bona fide purchaser or lien or execution creditor could assert under state law. Since in the present case, no third party could have defeated Defendants' perfected security interests under state law, the Trustee is powerless to set aside these interests.

In conclusion, the Court finds that the principles of both law and equity mandate that the 1989 amendment to W.Va.Code § 46–9–401 may be applied only prospectively. Any other interpretation would violate both the obligation of the parties' contract and destroy vested property rights acquired by the parties, in derogation of well-established fundamental law. Such an interpretation would also result in an absurd shifting of priorities, since any existing or subsequent creditor could take priority over an earlier perfected interest by racing to the Office of the Secretary of State to file its financing statements ahead of those previously filed properly with the respective county clerks. Accordingly, the legislature could not have intended § 46–9–401 to have retroactive effect without providing some mechanism by which the priorities established under the predecessor statute could be maintained. It is therefore hereby

ORDERED that the security interests held by Greenbrier, Roanoke and Pendleton be and hereby are determined to be VALID and UNAVOIDABLE by the Trustee in these bankruptcy proceedings.

It is FURTHER ORDERED that judgment is entered in favor of Greenbrier, Roanoke and Pendleton in this action. An evidentiary hearing will be held on *September 5, 1991, at 2:00 p.m.* in the District Courtroom, Second Floor, U.S. Post Office & Courthouse, 500 West Pike Street, Clarksburg, West Virginia, to consider the respective interests of the Defendants with respect to the proceeds of the cattle sale, currently being held in escrow by Jesse O. Guills, as Special Commissioner.